Kenneth WOOMER, et ux., Appellants,

v.

CITY OF GALVESTON and Galveston
County, Texas, Appellees.

No. 01–88–00323–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 29, 1988.

Leonard A. Cruse, League City, for appellants.

Donald Glywasky Galveston County Legal Dept., Carla Catropia Mills, Shirley, Eckel & Bassett, Galveston, for appellees.

Before WARREN, SAM BASS and STEPHANOW, JJ.

## OPINION

WARREN, Justice.

This is an appeal from a summary judgment granted in favor of the City of Galveston and the County of Galveston. Kenneth and Audrey Woomer sued under the Texas Tort Claims Act and the Texas Wrongful Death and Survivor's Statutes, alleging that appellees' negligence proximately caused the drowning death of their son, Richard Scott Woomer ("decedent"). The trial court granted the summary judgment motions of the City of Galveston and the County of Galveston, and ordered that the Woomers take nothing by reason of their suit.

On May 20, 1984, sometime prior to 7:00 a.m., decedent and a friend, Mike Plank,

entered the waters of the Gulf of Mexico in the vicinity of a rock groin[1], located at 50th Street and Seawall Boulevard in the City of Galveston, County of Galveston, Texas. The waters were rough, and decedent had difficulties. Decedent yelled for help, but Plank was unable to reach him, and decedent drowned. Galveston City Police were already on the scene when Lt. Vic Maceo, of the Galveston County Sheriff's Department arrived, at approximately 7:15 a.m. The surf conditions were so severe that personnel were unable to launch a boat to attempt recovery of the decedent. His body was finally recovered around 9:00 a.m. that morning by Galveston City police.

Plank called appellants from Oklahoma that evening to tell them that they needed to contact the Texas authorities regarding the incident. Appellants have been unable to contact Plank regarding this incident since that time.

On the beach, about 100 feet from the rock groin near where decedent drowned, on either side, are signs that state "No swimming," with an arrow pointing toward the groin. The signs are printed in both English and Spanish, and contain the universal no swimming symbols. Because the signs are on both sides of the groin, decedent had to pass one of these signs to enter the water unless he approached the groin from the ocean side. We do not know what path the deceased took to approach the area where he was drowned.

Lt. Maceo forwarded information for a report to the Identification Division of the Sheriff's Department, which typed and filed it that afternoon. The Sheriff of Galveston County did not review the report, and it was not forwarded to either the Commissioners Court or their attorneys.

Appellants pleaded and argue that appellees were negligent because (1) there was no language or symbols on the reverse side or seaward side of the no swimming signs placed at the 50th Street pier; (2) there was a failure to post additional signs in the beach water that specifically warned of

riptide currents and holes in the floor of the Gulf of Mexico near the rock groin; (3) no buoy lifelines were placed parallel to the rock pier; (4) no flag system was utilized to warn of water safety conditions; and (5) lifeguards were not on duty prior to 9:00 a.m. on the morning in question.

A summary judgment for the defendant disposing of the entire case is proper only if, as a matter of law, plaintiff could not succeed upon any theories pled. *Delgado v. Burns*, 656 S.W.2d 428, 429 (Tex.1983). A defendant who moves for summary judgment has the burden of showing as a matter of law that no material issue of fact exists as to the plaintiff's cause of action. *Griffin v. Rowden*, 654 S.W.2d 435, 435–36 (Tex.1983); *Citizen's First Nat'l Bank v. Cinco Exploration Co.*, 540 S.W.2d 292, 294 (Tex.1976). This may be accomplished by showing that at least one element of the plaintiff's cause of action has been established conclusively against the plaintiff. *Gray v. Bertrand*, 723 S.W.2d 957 (Tex. 1987); *Sakowitz v. Steck*, 669 S.W.2d 105, 107 (Tex.1984). Once the defendant has negated, as a matter of law, such an element of plaintiff's cause of action, the plaintiff has the burden of introducing evidence that raises issues of fact with respect to the element negated by the defendant's summary judgment evidence. *Federated Dep't Stores, Inc. v. Houston Lighting & Power Co.*, 646 S.W.2d 509, 511 (Tex.App.—Houston [1st Dist.] 1982, no writ).

■ Appellees contend that summary judgment was proper because they have conclusively proven as a matter of law that they are immune from liability in this case, that they would not be liable to decedent if either were a private person, and that they were not provided notice as required by statute. Because the summary judgment order does not state the specific ground on which it was granted, if any ground is sufficiently proved by the evidence, then the summary judgment was properly granted. Thus, the party appealing from

1. The rock groin near which Woomer drowned was placed in the Gulf by the U.S. Army Corps of Engineers, and is maintained by that agency.

such order must show that each of the independent arguments alleged in the motion is insufficient to support the order. *Tilotta v. Goodall,* 752 S.W.2d 160, 161 (Tex.App.—Houston [1st Dist.] 1988, no writ).

■ Appellant brought this action pursuant to Tex.Civ.Prac. & Rem.Code Ann. secs. 101.021 et. seq. ("the Texas Tort Claims Act") and Tex.Civ.Prac. & Rem. Code secs. 71.002 et. seq. ("the Texas Wrongful Death and Survivor's Statutes"). To recover, appellants must establish that: (1) governmental immunity has been waived in this instance pursuant to statute [2]; (2) notice was given of the claim in accordance with the statutory requirements [3]; and (3) the governmental units, were they private persons, would be liable to the appellant according to Texas law.[4]

Units of state government are immune from liability for negligence in the performance of governmental functions except as provided for in the Texas Torts Claim Act. Section 101.021 provides a waiver of governmental immunity in three general areas: (1) use of publicly owned motor vehicles; (2) injuries arising from some use or condition of real property (premises defect); and (3) injuries arising from some condition or use of tangible property. *City of Denton v. Van Page,* 701 S.W.2d 831 (Tex.1986). In 1987, three years after the incident giving rise to appellant's claim, the Legislature provided that powers exercised by a municipality in the interest of the general public connected with the maintaining of recreational facilities, including but not limited to beaches, is a governmental function. Section 101.0215(a)(23). Counties do not perform proprietary functions and are immune from liability unless the same is waived by the Texas Tort Claims Act. *Turvey v. City of Houston,* 602 S.W.2d 517 (Tex.1980). Thus, in order to sustain this cause of action and successfully defeat appellees' motion for summary judgment, appellants had to demonstrate that the failure of the appellees to provide more specific warnings than they did, concerning the dangers involved in swimming near the rock groin, and in not providing lifeguards at 7:00 a.m., constitutes a use or condition of real or tangible property by appellees; otherwise, governmental immunity precludes liability.

On review of a motion for summary judgment, the movant has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as matter of law; in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true; and every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *Nixon v. Mr. Property Management Co.,* 690 S.W. 2d 546, 548–49 (Tex.1985).

There are many facts not proved in the record, and some questions are unanswered because the only witness to the drowning can not be found; other facts are not proved because the parties did not use

2. Tex.Civ.Prac. & Rem.Code sec. 101.021 reads:

A governmental unit in the state is liable for: (1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if: (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and (B) the employee would be personally liable to the claimant according to Texas law; and (2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

3. Tex.Civ.Prac. & Rem.Code sec. 101.101 reads:

(a) A governmental unit is entitled to receive notice of a claim against it under this chapter not later than six months after the day that the incident giving rise to the claim occurred. The notice must reasonably describe: (1) the damage or injury claimed; (2) the time and place of the incident; and (3) the incident. (b) A city's charter and ordinance provisions requiring notice within a charter period permitted by law are ratified and approved. (c) The notice requirements provided or ratified and approved by Subsections (a) and (b) do not apply if the governmental unit has actual notice that death has occurred, that the claimant has received some injury, or that the claimant's property has been damaged.

4. *See* Tex.Civ.Prac. & Rem.Code sec. 101.021(2) above.

available resources to prove them. We do not know the exact location of the drowning, the cause of the drowning, where the mean low tide line is located in the area where the deceased was drowned; we do not know from which direction the deceased approached the rock groin, the proximity of the drowning, whether the deceased was to stay in a Galveston Hotel, or whether he came to Galveston because of advertising by an agency or quasi-agency of the City or County of Galveston.

As a result of these unanswered questions, we do not know who was in control of that part of the water where the deceased drowned; we can not determine, as a matter of law, the deceased's status as a business invitee or a licensee; and we can not determine the extent of either of appellees' duty to warn the deceased of the dangers involved in swimming in the undisputably dangerous area in which he was drowned.

█ We do not know that appellants did not give either of appellees formal notice of their claim, as required by Tex.Civ.Prac. & Rem.Code sec. 101.101. However, Lt. Vic Maceo, the Director of the Galveston County Sheriff's Department Beach Control, investigated the drowning and made a written report on it. Representatives of the City of Galveston were present when Lt. Maceo was investigating the drowning and investigated the incident on the city's or county's behalf. Although Lt. Maceo testified on deposition that the report was not given to any other city or county department, that fact does not abrogate actual notice. Lt. Maceo was charged with the duties of investigation and was impliedly charged with disseminating the report to the interested authorities. If this were not so, then any department whose duties included that of investigating accidents under the Texas Tort Claims Act could defeat any action against the State or its political subdivisions by merely making the report and placing it in its file cabinet. Lt. Maceo's report gave the time and date of the drowning and the approximate location where it occurred. It described the condition of the surf and included questions

answered by the only known witness to the drowning.

Where the governmental unit has notice of the injury, its probable cause, and the names and addresses of all involved, there is no requirement that the injured party give notice within six months of an intention to file a claim. *Tarrant County Hosp. Dist. v. Ray*, 712 S.W.2d 271 (Tex. App.—Fort Worth 1986, writ ref'd n.r.e.); *City of Denton v. Mathes*, 528 S.W.2d 625 (Tex.Civ.App.—Fort Worth 1975, writ ref'd n.r.e.).

In our opinion, both appellees had actual notice of the drowning, and the fact that appellants failed to give formal notice of their claim does not defeat their cause of action.

█ Because of the presence of fact issues that need to be decided at the trial level before we may rule on matters of law, we must reverse and remand the cause for a determination of those issues.