Bessie L. GOSTON, Willie Goston, Individually, Della Pierre and George Pierre, Individually and as Next Friend of Latonya Pierre, Appellants,

v.

Edward Charles HUTCHISON [1] and Houston Independent School District, Appellees.

No. 01–92–00849–CV.

Court of Appeals of Texas, Houston (1st Dist.).

April 15, 1993.

1. The original style of the case incorrectly indicated Edward Charles "Henderson". The order and the appeal bond also said "Henderson", but the correct name is "Hutchison."

Sandra K. Daniel, Houston, for appellants.

Richard F. Hightower, Melissa K. Ferrell, Brown McCarroll & Oaks Hartline, Houston, for appellees.

Before O'CONNOR, DUGGAN and HEDGES, JJ.

## OPINION

O'CONNOR, Justice.

At issue in this case is the standard of care imposed upon a school district to ensure a student's safety after disembarking a school bus, and the limits of the legisla-

ture's waiver of sovereign immunity. We are asked to decide if the trial court erred in granting the motion for summary judgment made by the defendants, Edward Charles Hutchison and Houston Independent School District (HISD). We find it did not and affirm.

### Fact summary

Latonya Pierre and Andrea Goston were riding on an HISD school bus driven by Hutchison. The girls asked Hutchison to let them off at a non-designated stop, and they were picked up by a friend, Andrea Eaton. Later, Eaton ran into a fixed object. Goston was killed, and Pierre was seriously injured. Pierre's parents, both individually and as next friend, and Goston's parents, individually, sued the bus driver and HISD. The suit alleged various acts of negligence, including:

(1) negligently permitting students to disembark the school bus;

(2) negligently stopping at an undesignated stop to permit students to depart the bus;

(3) failing to adequately direct, control and supervise students relative to their boarding and exiting the bus; and,

(4) negligently failing to operate the school bus in compliance with the rules and regulations set forth in the HISD Transportation Department School Bus Driver's Handbook.

The plaintiffs appeal the trial court's decision to grant Hutchison and HISD's motion for summary judgment. The facts of the case are not contested.

### Summary judgment

■ To obtain a summary judgment, a defendant need only disprove, as a matter of law, one element of each of the plaintiff's causes of action. TEX.R.CIV.P. 166a; *Lear Siegler, Inc. v. Perez,* 819 S.W.2d 470, 471 (Tex.1991); *Woomer v. City of Galveston,* 765 S.W.2d 836, 837 (Tex.App.—Houston [1st Dist.] 1988, writ denied). The defendant who bases a summary judgment

motion on an affirmative defense must prove that defense as a matter of law. *Montgomery v. Kennedy,* 669 S.W.2d 309, 310–11 (Tex.1984). A defendant, who relies on an affirmative defense, must plead the defense either in its answer to the suit or in its motion for summary judgment. *Roark v. Stallworth Oil and Gas, Inc.,* 813 S.W.2d 492, 495 (Tex.1991).

■ When the order granting summary judgment does not specify the particular grounds the trial court sustained, on appeal, the summary judgment opponent must defeat each summary judgment ground urged by the movant. *Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex.1989); *Woomer,* 765 S.W.2d at 837–38. Otherwise, the appellate court must uphold the summary judgment on any ground that finds support. *Carr,* 776 S.W.2d at 569.

■ A defendant who moves for summary judgment must demonstrate: (1) no genuine issue of material fact exists as to an essential element of the plaintiff's case; and (2) the movant is entitled to summary judgment as a matter of law. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548 (Tex.1985); *Donovan v. Jones,* 830 S.W.2d 825, 825 (Tex.App.—Houston [1st Dist.] 1992, no writ). Once the defendant has negated, as a matter of law, an essential element of the plaintiff's cause of action, the plaintiff must present competent summary judgment evidence that raises a fact issue on that element. *Woomer,* 765 S.W.2d at 837.

Here, HISD and Hutchison moved for summary judgment asserting, as a matter of law they were entitled to sovereign immunity because the girls' injuries did not arise out of the use or operation of a motor vehicle.

### 1. Use of motor vehicle

In points of error one and two, the plaintiffs argue the trial court erred in granting Hutchison and HISD's motion for summary judgment, because the pleadings establish that there exist genuine issues of material

fact regarding whether or not the plaintiffs' injuries resulted from the operation and use of a motor vehicle. In points of error three and four, the plaintiffs argue the trial court erred in granting Hutchison[2] and HISD's motion for summary judgment, because the plaintiffs' claims are not barred as a matter of law by the doctrine of governmental immunity.

■■■ Units of government are immune from prosecution for negligence in the performance of their governmental functions, except as provided by the Texas Tort Claims Act. *Woomer*, 765 S.W.2d at 838. The Texas Tort Claims Act provides:

A governmental unit in the state is liable for:

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

(A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

(B) the employee would be personally liable to the claimant according to Texas law; and

(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX.CIV.PRAC. & REM.CODE ANN. § 101.021 (Vernon 1986). To sue a governmental unit under section 101.021(1), a cause of action must involve the use or operation of a motor-driven vehicle or equipment. In their motion for summary judgment, Hutchison and HISD asserted that the plaintiffs' injuries were caused by a third person, Eaton, and not by the operation or use of HISD's motor vehicle; therefore, as

a matter of law, they were entitled to sovereign immunity.

The Texas Supreme Court recently held when a student jumped into a school bus through the emergency rear door and hit her head on the top of the door frame, the injury did not arise out of the school district's "operation or use" of a motor vehicle. *LeLeaux v. Hamshire–Fannett School Dist.*, 835 S.W.2d 49, 51 (Tex.1992). In so holding, the court decided the bus was only the setting for the injury, and immunity from liability was not waived. *Id.* at 52. The student's injury did not arise out of the school district's or its driver's operation or use of the school bus: the bus was stationary, the motor was off, and no bus driver was aboard. *Id.* at 51.

The cases that we must analyze are those in which a plaintiff alleged that the school district committed some act of negligence related to the operation of a school bus which resulted in an injury to the student by a third party. Those cases are: *Luna v. Harlingen Consol. School Dist.*, 821 S.W.2d 442 (Tex.App.—Corpus Christi 1991, writ denied) (while waiting for the school bus on a busy street, at stop designated by school district, two students were killed when hit by a car); *Contreras v. Lufkin ISD*, 810 S.W.2d 23 (Tex.App.—Beaumont 1991, writ denied) (school bus left six-year-old student off at wrong place, and student was killed crossing street); *Hitchcock v. Garvin*, 738 S.W.2d 34 (Tex.App.—Dallas 1987, no writ) (student injured after she disembarked from school bus, when she was hit by a car crossing the street, because bus driver did not activate flashing lights); *Heyer v. Northeast ISD*, 730 S.W.2d 130 (Tex.App.—San Antonio 1987, writ ref'd n.r.e.) (student was injured while waiting for school bus, when another student drove into her while on school property); *Estate of Garza v. McAllen ISD*, 613 S.W.2d 526 (Tex.App.—Beaumont 1981, writ ref'd n.r.e.) (student stabbed by

---

**2.** Hutchison's right to summary judgment is based on TEX.CIV.PRAC. & REM.CODE ANN. § 101.106 (Vernon 1986) in the Texas Tort Claims Act which provides:

> Judgment in an action ... under this chapter bars any action involving the same subject

matter by the claimant against the employee of the governmental unit whose act or omission gave right to the claim.

The plaintiffs do not appeal Hutchison's right to summary judgment if summary judgment is proper for HISD.

a person who was not a student while riding on the school bus). All of these cases were resolved by summary judgment on the issue of the school district's claim of sovereign immunity.

Below is a graph of the elements of these cases and the results.

| | Allegations of negligence against school district | Injury on bus or before/after loading | Injury by 3rd person method | Did the motor vehicle exception bar suit |
|---|---|---|---|---|
| *Contreras* | let student off bus at wrong stop | after | auto | no |
| *Hitchcock* | did not activate flashing lights | after | auto | . no |
| *Luna* | bad plan for bus stops | before | auto | yes |
| *Heyer* | did not control parking lot and traffic | before | auto | yes |
| *Garza* | did not provide safe transportation | on | knife | yes |
| *Goston* | let students off bus at unapproved stop | after | auto | yes |

In *Estate of Garza v. McAllen ISD*, 613 S.W.2d 526, 527 (Tex.App.—Beaumont 1981, writ ref'd n.r.e.), a student was stabbed by another student while riding on a school bus. The court held that "the knife and not the use of the bus" caused the injuries. *Id.* at 528. The Beaumont Court of Appeals held the school district's failure to enforce regulations governing the use of school buses by a non-student and failing to control and discipline the behavior of the bus' occupants did not relate to the use or operation of a motor vehicle. *Id.* at 528. The court drew an important distinction between the school bus cases which have held that sovereign immunity barred the suit for an injury related to a bus and those in which the courts have held that sovereign immunity was not a bar: when the allegations of negligence are related to the direction, control, and supervision of the students, the suit is barred; when the allegations of negligence are related to the negligent use of the motor vehicle itself, the suit is not barred. *Id.* at 528.

We agree with that distinction. For example, in *Hitchcock*, it was the bus driver's failure to turn on the emergency signal which resulted in the waiver of sovereign immunity by the school district, not the supervision of the student. Continuing with that analysis, the cases which have denied liability have done so when the school district was negligent in its supervision of the students. *See, e.g., Luna*, 821 S.W.2d 442; *Heyer*, 730 S.W.2d 130; *Garza*, 613 S.W.2d 526.

The *Garza* analysis by the Beaumont Court of Appeals, however, does not assist us in understanding another decision of the

Beaumont Court of Appeals, *Contreras.* In *Contreras,* the Beaumont Court held the school district could be liable for leaving a student at the wrong stop. *Contreras,* 810 S.W.2d at 23. To us, leaving a student at the wrong stop seems to be a failure to properly supervise the student, and does not seem to be the negligent use or misuse of equipment on the school bus. We decline to follow the Beaumont Court of Appeals in the *Contreras* decision, and opt instead to follow the Beaumont Court of Appeals in *Garza,* the Corpus Christi Court of Appeals in *Luna,* and the San Antonio Court of Appeals in *Heyer.*

The plaintiffs also rely on *Mount Pleasant ISD v. Lindburg,* 766 S.W.2d 208, 209 (Tex.1989), for authority, but nothing in that case assists them. In *Mount Pleasant,* the Supreme Court did not reach the issue of whether the student's injury was a result of the negligent operation or use of a motor-driven vehicle, because the issue was waived. In addition, the jury found the bus driver was not negligent. Thus, *Mount Pleasant* offers no help to the plaintiffs in this dispute.

Hutchison and HISD proved their affirmative defense of sovereign immunity as a matter of law, and the plaintiffs did not present competent summary judgment evidence raising a fact issue as to their affirmative defense.

We overrule points of error one through four and affirm the decision of the trial court.