Affirmed and Memorandum Opinion filed May 29, 2003









Affirmed and Memorandum Opinion filed May 29, 2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00755-CV

____________

 

JILL
MIEDKE, as next friend of TYLER MIEDKE, Appellant

 

V.

 

METROPOLITAN
TRANSIT AUTHORITY, Appellee

 



 

On Appeal from the
189th District Court

Harris County, Texas

Trial Court Cause
No. 01-27312

 



 

M E M O R A N D U M   O P I N I O N

Asserting seven points of
error, appellant Jill Miedke, as next friend of Tyler Miedke, appeals the
granting of summary judgment and dismissal for lack of jurisdiction in favor of
appellee Metropolitan Transit Authority. 
We affirm.

PROCEDURAL AND FACTUAL HISTORY








On May 3, 2001,
eleven-year-old Tyler Miedke left his school in Houston and boarded a bus
operated by appellee Metropolitan Transit Authority (“METRO”), a governmental
entity.  The Houston Intermediate School District (“HISD”)
utilizes METRO buses for the transport of school children to and from their
homes.[1]

When Tyler exited the bus
at a corner near his home, he ran in front of the stopped bus into an adjacent
lane of traffic.  Upon doing so, Tyler
was hit by a truck owned by PRC Roofing (“PRC”) and driven by PRC employee
Julian Morales.  Tyler suffered personal
injuries.

On May 24, 2001, Tyler=s mother, Jill Miedke,
filed suit against METRO, HISD, PRC, and Morales, alleging defendants= negligent acts or
omissions proximately caused Tyler=s
injuries.  In response to this suit,
appellee METRO filed a traditional motion for summary judgment, a motion to
dismiss for lack of jurisdiction, and special exceptions. The trial court
denied the motion for summary judgment and motion to dismiss on December 26,
2001; appellee=s
special exceptions were granted in part and denied in part on January 14, 2002;
and appellant filed an amended petition subsequent to the special exceptions on
February 1, 2002.

In May, 2002, appellee
filed a no-evidence motion for summary judgment on the issue of METRO=s alleged non-use of
hazard lights or “flashers.”  METRO also
filed a motion to dismiss for lack of jurisdiction on the same day.  The two motions were combined into one
instrument with distinct sections.








Prior to hearing the
motions, the trial court requested that appellee physically separate the two
motions into two instruments.  Appellee
did so and on June 24, 2002, the trial court held its hearing.[2]  As a result of this hearing, the trial court
(1) granted the no-evidence motion for summary judgment as to the flasher
issue, and (2) granted the motion to dismiss for lack of jurisdiction as to all
other matters.

The same day as the trial
judge granted summary judgment and the appellee=s
motion to dismiss, appellant filed her fifth amended petition naming METRO
driver Aardon Wyllie as defendant.  Because suit against a governmental employee
is barred after judgment or settlement of a claim against a government entity,
the suit against Wyllie has been dismissed. 
See Tex. Civ. Prac. &
Rem. Code Ann. '
101.106 (Vernon 1997).  

The current appeal arises
from the granting of appellee=s
no-evidence motion for summary judgment and its motion to dismiss for lack of
jurisdiction.

ISSUES ON APPEAL

Appellant asserts seven
points of error, claiming the trial court erred in (1) granting appellee=s motion for summary
judgment, and (2) granting appellee=s
motion to dismiss for lack of jurisdiction. 
The bases for appellant=s
assertions are that (3) appellee failed to satisfy the pleading requirements of
a no-evidence motion for summary judgment; (4) the trial court granted the
summary judgment on the basis of an unpleaded affirmative defense; (5) the
summary judgment and dismissal were granted prior to the filing of special
exceptions; (6) the dismissal of appellant=s
suit for lack of jurisdiction was improperly based on appellee=s claim of immunity; and
(7) appellee=s
motion for summary judgment failed to address appellant=s non-flasher-related
allegations of negligence.

Because appellant=s points of error
generally relate to only two issues, we address them accordingly.

I.   SUMMARY JUDGMENT








In her first, third,
fourth, fifth, and seventh points of error, appellant asserts the trial court
erred in granting appellee=s
no-evidence summary judgment because METRO failed  to follow requirements for filing a
no-evidence summary judgment motion; because motions for summary judgment may
not be granted on the basis of an unpleaded affirmative defense; because
special exceptions were not granted; and because the appellee failed to address
appellant=s
non-flasher-related allegations.  We
disagree.




A.        Standard of Review

In reviewing a Rule
166a(i) no-evidence summary judgment, we review the evidence in the light most
favorable to the respondent against whom the judgment was rendered,
disregarding all contrary evidence and inferences.  Isbell v. Ryan, 983 S.W.2d 335, 338 (Tex. App.CHouston [14th Dist.]
1998, no pet.); see also Merrell Dow Pharms. Inc.
v. Havner, 953 S.W.2d 706, 711 (Tex. 1997).  A no-evidence point will be sustained when
(1) there is a complete absence of evidence of a vital fact, (2) the court is
barred by rules of law or evidence from giving weight to the only evidence
offered to prove a vital fact, (3) the evidence offered to prove a vital fact
is no more than a mere scintilla, or (4) the evidence conclusively establishes
the opposite of the vital fact.  Id.  

A no-evidence summary
judgment is improperly granted if the respondent counters with more than a
scintilla of probative evidence to raise a genuine issue of material fact.  See Tex.
R. Civ. P. 166a(i); Isbell, 983 S.W.2d at 338; Havner, 953 S.W.2d at 711.  More than a scintilla of evidence exists when
the evidence “rises to a level that would enable reasonable and fair-minded
people to differ in their conclusions.”  Burroughs
Wellcome Co. v. Crye,
907 S.W.2d 497, 499 (Tex. 1995) (quoting Transportation Ins. Co. v. Moriel, 879 S.W. 2d 10, 25 (Tex. 1994)). 

A nonmovant will thus
defeat a Rule 166a(i) motion for summary judgment by presenting the trial court
with some evidence on each element of his claim for which the movant asserts
there is no evidence.  Tex. R. Civ. P. 166a(i) & cmt.

B.        Discussion

1.         Was summary judgment proper?

In her first point of
error, appellant asserts the trial court improperly granted appellee=s no-evidence motion for
summary judgment because appellant “met her burden of producing more than a
scintilla of evidence” on the elements of METRO=s
negligence.  We disagree.

As stated above, a
no-evidence point will be sustained when there is a “complete absence of
evidence of a vital fact” or when “the evidence offered to prove a vital fact
is no more than a mere scintilla.”  Merrell Dow Pharms.
Inc., 953 S.W.2d at 711.

Here, METRO filed its
no-evidence summary judgment motion on June 20, 2002, asserting that appellant
had failed to produce evidence on “an essential element” of one of her claimsCnamely, that Wyllie
negligently failed to activate flashers on the bus.[3]  See Tex.
R. Civ. Proc. '
166a(i).  Indeed, METRO referenced three
witnesses who testified the flashers were in operation.  Thus, to defeat METRO=s motion, appellant was
obligated to present the trial court with evidence on this element. See Tex. R. Civ. P. 166a(i) & cmt.  This she did not do.  

Although appellant=s response to appellee=s summary judgment motion
includes an affidavit by appellant=s
attorney swearing to the authenticity of an attached copy of  METRO=s
safety manualCpresumably
to demonstrate METRO had a duty to activate its lights when dropping off
childrenCthere was no evidence
presented with the response demonstrating that the bus=s lights were in fact not
activated.  








Because appellant has
presented no depositions, interrogatories, or affidavits supporting the vital
fact that Wyllie failed to activate his vehicle=s
flashers, we conclude appellant failed to carry her burden under Rule 166a(i).[4]  As such, the trial court properly granted
appellee=s motion for summary
judgment.  See Tex. R. Civ. P. 166a(i).  

Accordingly, we overrule appellant=s first point of
error.

 

2.         Did appellee=s summary judgment
motion fail to satisfy pleading requirements?

 

In her third point of
error, appellant asserts the trial court improperly granted summary judgment
because METRO=s
motion for summary judgment failed to comply with the pleading requirements set
forth by the Texas Rules of Civil Procedure. 
Specifically, she claims appellee=s
motion did not specify the essential element or elements of any of the “dozen
or so claims set out by Miedke” upon which Miedke presented no evidence.[5]  We disagree.








According to Rule
166a(i), a no evidence summary judgment motion may be submitted only “[a]fter adequate time for discovery.”  Tex.
R. Civ. P. 166a(i).  In such a
motion, a movant “must state the elements as to which there is no evidence.”  Id.; Lampasas, 988 S.W.2d at
436 (requiring movant to specify the essential element or elements of a claim
or defense to which there is no evidence). 
The elements of negligence are (1) a duty that is owed; (2) a breach of
that duty; and (3) damages proximately caused by the breach.  See Van Horn v. Chambers,  970 S.W.2d 542, 544 (Tex. 1998); Lions Eye
Bank of Tex. v. Perry, 56 S.W.3d 872, 875 (Tex. App.CHouston [14th Dist.]
2001, pet. denied).

In its motion, appellee
stated: “[a]n adequate time for discovery has elapsed in this case . . . the
discovery period for this case ends on June 10, 2002.”  Appellee asserted that appellant lacked “evidence
on an essential element of one of [appellant=s]
claims”Cnamely, that METRO=s bus driver negligently
operated the bus by “failing to operate necessary safety lights or >flashers= to warn the driving
public of people exiting the bus.”

Because we interpret
appellant=s
petition as asserting that METRO=s
failure to use flashers was a breach of duty that proximately caused Tyler=s injuries, and because
it was this element that appellee addressed in its no-evidence motion for
summary judgment, we conclude appellee properly satisfied Rule 166a(i). 

Therefore, we overrule appellant=s third point of
error.

 

3.         Was summary judgment granted on the basis of an unpleaded
affirmative defense?

 

In her fourth point of
error, appellant asserts the trial court granted appellee=s no-evidence motion for
summary judgment on the basis of an unpleaded affirmative defense, and that
this was improper.  See Harrill v. A.J.=s
Wrecker Serv., Inc., 27 S.W.3d 191, 194 (Tex. App.CDallas 2000, no pet.)
(defendant not entitled to bring no-evidence motion for summary judgment on its
affirmative defense).  This argument
lacks merit.








First, there was no
assertion of an affirmative defense made in appellee=s no-evidence motion for
summary judgment.[6]  Next, there was no assertion of an
affirmative defense  made in appellee=s reply to appellant=s response to the motion
for summary judgment.  Finally, although
the trial court granted METRO=s
motion to dismiss in the same order as it granted METRO=s summary judgment
motion, there is no reference to an affirmative defense made in conjunction
with the trial court=s
order granting the summary judgment; rather, the court=s docket indicates only
that the trial court granted METRO=s
no-evidence summary judgment “as to the flasher issue.”[7]  

Because there is no
evidence that the trial court granted appellee=s
no-evidence summary judgment on the basis an affirmative defense, we overrule
appellant=s
fourth point of error.




4.         Were special exceptions filed?

In her fifth point of
error, appellant asserts summary judgment and dismissal for lack of
jurisdiction were improper because appellant should have been afforded the
right to amend her petition after special exceptions had been granted.  See Friesenhahn
v. Ryan, 960 S.W.2d 656, 658 (Tex. 1998); Tex. Dep’t of Corrections v.
Herring, 513 S.W.2d 6, 10 (Tex. 1974). 
Appellee should have filed special exceptions, claims appellant,
wherever it felt “Plaintiff=s
pleadings [were] insufficient to [ ] support a cause of action.”  This argument fails for two reasons.








First, a court is not
required to allow an opportunity to amend pleadings before granting summary
judgment if an amendment will not correct a pleading defect.  Hidalgo v. Sur.
Sav. & Loan Ass=n,
462 S.W.2d 540, 543 n. 1 (Tex. 1971); Barto
Watson, Inc. v. City of Houston, 998 S.W.2d 637, 641 (Tex. App.CHouston [1st Dist.]
1999, pet. denied).  Here,  the trial court granted summary judgment on
June 24, 2002 as to the issue of the flasher use only.  This was a matter of law regarding evidentiary
insufficiency, not legal or procedural insufficiency; thus, no
pleading amendment would have corrected the fact that appellant lacked evidence
to support her claim.  See e.g.
Townsend v. Mem’l Med’l Ctr, 529 S.W.2d 264, 267 (Tex. Civ. App.CCorpus Christi 1975, writ
ref. n.r.e.) (purpose of special exceptions is to force clarification of and
specification in pleadings that are vague, indefinite, or uncertain).

Moreover, the record
indicates appellee did file special exceptions. 
Although appellee=s special exceptions are not in the record, notations in the
court=s docket indicate  (1) the trial court initially denied a motion
to dismiss for lack of jurisdiction on December 26, 2001, and (2) the trial
court partially granted a motion for special exceptions filed by METRO on
January 14, 2002.  The record also shows
appellant filed five amended petitionsCfour of them before the trial court
ruled on appellee=s motions June 24, 2002.

Here, amended pleadings could not have cured appellant=s evidentiary insufficiency.  Nevertheless, special exceptions were granted
and appellant had an opportunity to correct  her pleadings. 
Thus, we overrule appellant=s fourth point of error.

5.         Did appellee fail to address appellant’s
“other allegations”?

 

In her seventh point of
error, appellant asserts the trial court improperly granted summary judgment
because appellee “failed to address numerous other allegations of negligence”
found in appellant=s
fourth amended petition.[8]  We disagree.








Appellee=s no-evidence motion for
summary judgment was not granted as to all of  appellant=s
claims; rather, it was granted on the issue of flasher-use only.  It was an interlocutory judgment.  A notation in the court=s docket supports this
conclusion:  on June 24, 2002, it
was noted that “[d]efendant METRO=s motion for summary
judgment [was] granted as to ‘flasher issue.’” 

Because the trial court
granted appellee=s
motion for summary judgment only with regard to the flasher issue, it is
immaterial whether appellee addressed appellant=s
other causes of action in its motion. 
Indeed, a trial court’s granting of partial summary judgment  is proper. 
See Tex. R. Civ. P. 166a(e);
see also McNally v. Guevara, 52 S.W.3d 195, 196 (Tex. 2001) (there can
be no presumption that a motion for summary judgment addresses all of the
movant=s claims).

Thus, we overrule
appellant=s
seventh point of error.

II.   MOTION TO DISMISS

In her second and sixth
points of error, appellant asserts that the trial court improperly granted
appellee=s motion to dismiss for
lack of jurisdiction.  We disagree.

A.        Standard of Review

Subject matter
jurisdiction is essential for a court to decide a case; it “is never presumed
and cannot be waived.”  Tex. Ass=n of Bus. v. Tex. Air
Control Bd., 852 S.W.2d 440, 443B44 (Tex. 1993).  A trial court=s
lack of subject matter jurisdiction is fundamental error and must be noted and
reviewed by the appellate court at any time it appears.  Tullos v.
Eaton Corp., 695 S.W.2d 568, 568 (Tex. 1985).  If a trial court lacks subject matter
jurisdiction, it has no choice but to dismiss the case.  Am. Motorists Ins. Co. v. Fodge, 63 S.W.3d 801, 805 (Tex. 2001). 








Whether a trial court has
subject matter jurisdiction is a question of law subject to de novo
review.  State ex. rel.
State Dep’t of Highways and Public Transp. v. Gonzales, 82 S.W.3d 322, 327
(Tex. 2001).  In reviewing an order of
dismissal for want of jurisdiction based on the pleadings, the reviewing court
construes the pleadings in favor of the pleader and looks to the pleader=s intent.  Tex. Ass’n of
Bus., 852 S.W.2d at 446; Paradissis v.
Royal Indem. Co., 496 S.W.2d 146, 148 (Tex. App.CHouston [14th Dist.]
1973), aff’d, 507 S.W.2d 526 (Tex. 1974).  Only matters presented to the trial court
will be reviewed upon appeal from the order dismissing the case for want of
jurisdiction.  Id. at 148.




B.        Discussion

1.         Did appellee waive governmental
immunity?

In her sixth point of
error, appellant asserts the trial court erred in granting appellee=s motion to dismiss for
lack of jurisdiction because appellee waived its governmental immunity.  We disagree.

Under the doctrine of
sovereign immunity, the State is not liable for the torts of its agents or
officers unless there is a constitutional or statutory waiver of immunity.  Mount Pleasant ISD v. Estate of Lindburg, 766 S.W.2d 208, 211 (Tex. 1989).  Units of government are immune from
prosecution for negligence in performance of their governmental functions,
except as provided by the Texas Tort Claims Act.  Tex.
Civ. Prac. & Rem. Code Ann. ''
101.002 and 101.021 (Vernon 1997).  Woomer v. City of Galveston, 765 S.W.2d 836,
838 (Tex. App.CHouston [1st Dist.]
1988, writ denied).  

To sue a governmental
unit under the Texas Tort Claims Act, a cause of action must either (1) be
caused by an act or omission arising from the operation or use of a
motor-driven vehicle or piece of equipment, and be of such a nature that the
negligent employee would be personally liable to the claimant according to
Texas law, or (2) be caused by the condition or use of tangible personal or
real property if the governmental unit would, were it a private person, be
liable to the claimant according to Texas law. 
Tex. Civ. Prac. & Rem. Code
Ann. '
101.021 (Vernon 1997).  It is the
plaintiff=s
burden to plead and prove waiver of sovereign immunity.  City of El Paso v. Hernandez, 16 S.W.3d
409, 414 (Tex. App.CEl Paso 2000, pet.
denied); see also Hampton v. Univ. of TexasCM.D. Anderson Cancer Ctr, 6 S.W.3d 627, 629 (Tex. App.CHouston [1st Dist.]
1999, no pet.) (it is plaintiff=s
burden to allege and prove facts affirmatively showing trial court has subject
matter jurisdiction).








Here, appellant does not
allege that METRO=s
bus was defective in any way or that its condition caused Tyler=s injuries.  Neither does she assert that METRO waived
immunity under subsection 101.021(2) by negligently using the bus as “tangible
personal property.”  See Tex. Civ. Prac. & Rem. Code Ann. ' 101.021(2) (Vernon
1997).  Rather, appellant asserts
appellee waived immunity under the Texas Tort Claims Act because Tyler=s injuries arose from the
“operation or use” of a motor-driven vehicleCnamely,
a bus.  See id. at ' 101.021(1).

To determine whether a cause of action involves the “use or
operation” of a motor-driven vehicleCand so invokes waiver of immunity
under subsection 101.021(1)Ca court must construe the phrase “operation and use”
according to the ordinary meaning of the terms “operation” and “use.”  Satterfield v. Satterfield, 448 S.W.2d
456, 459 (Tex. 1969);  Mount Pleasant
ISD, 766 S.W.2d at 211.  “Operation”
refers to “a doing or performing of a practical work,” and “use” means “to put
or bring into action or service; to employ for or apply to a given purpose.”  Id.  See also Dallas Area Rapid Transit v.
Whitley, CS.W.3d C, 2002 WL 32077508, at *2
(Tex. April 17, 2003). 

In order for an injury to
“arise from” the operation or use of a motor-driven vehicle, there must be a “nexus”
between the plaintiff=s
injury and the actual
operation and use of the vehicle.  Id.
(bus driver=s failure to return to pick up
plaintiffCand subsequent decision  to drop off plaintiff=s assailant two blocks from plaintiff=s drop-off spotCdid not constitute “use” of bus); LeLeaux v. Hamshire-Fannett
ISD, 835 S.W.2d 49, 51 (Tex.1992); Union Pump Co. v. Allbritton, 898 S.W.2d 773, 776 (Tex. 1995) (proximate
cause is not established if defendant=s
conduct does no more than furnish the condition that makes plaintiff=s injury possible).  Mere “non-use” of property generally cannot support a claim
under the Texas Tort Claims Act. 
Kerrville State Hosp. v. Clark, 923 S.W.2d 582, 584 (Tex. 1996); Kassen v. Hatley,
887 S.W.2d 4, 14 (Tex. 1994). 
But see Hitchcock v. Garvin, 738 S.W.2d 34 (Tex. App.CDallas 1987, no writ)
(bus driver=s
failure to activate flashers is an act or omission arising from the operation
or use of a motor-driven vehicle).








When applying the term “use”
or “operation” to school bus cases, appellate courts have generally examined
whether the government employee’s act involved actual use or operation of the
vehicle, rather than supervision of children.  Austin ISD v. Gutierrez, 54 S.W.3d 860,
863 (Tex. App.CAustin 2001, pet.
denied) (collecting cases); Goston v.
Hutchison and Houston ISD, 853 S.W.2d 729, 733 (Tex. App.CHouston [1st Dist.]
1993, no writ) (noting that when allegations of school bus negligence relate to
the direction, control and supervision of students, suit is barred, but when
allegations relate to the negligent use of the motor vehicle itself, suit is
not barred).  Even if an employee’s act
takes place on or near a motor vehicle, if the act involves only supervision or
control, immunity is not waived.  Austin
ISD, 54 S.W.3d at 863.[9]  

In the instant case, appellant does not allege
Tyler=s injuries were
proximately caused by being struck by the METRO bus, by falling down the bus=s steps, or by being
struck by the bus=s
doors.  Rather, she alleges Morales hit
Tyler because METRO did not activate the bus=s
warning lights to alert passing motorists, and because METRO=s driver failed to drop
Tyler off at a safe place, failed to follow proper procedure, failed to employ
proper safety mechanisms, and failed to supervise and direct exiting children
properly.  








None of these claimsCwith the possible
exception of the flasher issue[10]Cinclude the assertion
that Tyler’s injuries arose from the manner in which the bus was operated or
used; rather, appellant asserts that policies were not followed and that
improper decisions were made that placed Tyler in danger. 
Compare e.g. Martinez v. VIA Metro. Transit Auth., 38
S.W.3d 173, 177 (Tex. App.CSan Antonio 2000, no pet.) (bus driver=s decision not to drive passenger to
nearby hospital and failure to properly operate bus doors and mechanical lift
constituted “non-use” of a motor vehicle and so did not waive immunity).[11]

Because appellant=s non-flasher causes of
action cannot be said to Aarise
from@ the use or operation of
a motor-driven vehicle or piece of equipment, the Texas Tort Claims Act does
not apply.  See LeLeaux,
835 S.W.2d at 51 (no operation or use of motor vehicleCand hence, no waiver of
immunityCwhere child’s head was
hit while boarding stationary school bus); Hopkins v. Spring ISD, 736
S.W.2d 617, 619 (Tex. 1987) (no operation or use of motor vehicleCand hence, no waiver of
immunityCwhere school district
failed to provide adequate medical care to student who suffered convulsions
while riding bus).  Thus, appellant has failed to carry her burden
with regard to subsection 101.021(1).  See
Tex. Civ. Prac. & Rem. Code ' 101.021(1).  








Finding no injury arising from the use or operation of a
motor-driven vehicle, we conclude appellee did not waive its immunity with
regard to appellant=s non-flasher-related causes of action.  See City of El Paso, 16 S.W.3d at
416 (no waiver of immunity where plaintiff alleged ambulance personnel made
incorrect decision regarding life-threatening emergency and took patient to
wrong hospital); City of Orange v. Jackson, 927 S.W.2d 784, 786 (Tex.
App.CBeaumont 1996, no
pet.) (no waiver of
immunity where plaintiff alleged negligent implementation of policy and
asserted failure to use police vehicle to transport plaintiff to medical
facility).

Accordingly, we overrule
appellant=s
sixth point of error. 

2.         Was the trial court’s dismissal for lack of jurisdiction
proper?

In her second point of
error, appellant asserts dismissal of appellant’s claims against appellee was
improper on the basis of lack of jurisdiction. 
We disagree.

Subject matter
jurisdiction is essential for a court to decide a case.  Tex. Ass’n of
Bus., 852 S.W.2d at 443B44.  If a trial court lacks subject matter
jurisdiction, it has no choice but to dismiss the case.  Am. Motorists Ins. Co., 63 S.W.3d at
805. 

As stated above in
Section I. B. (1), the trial court properly granted appellee=s no-evidence summary
judgment motion on the issue of flasher use. 
After the flasher issue was removed, appellant’s remaining claims all
pertained to failure to act, failure to follow policy, failure to employ safety
devices and procedures, and failure to supervise and direct disembarking
childrenCnothing arising from the
operation or use of a motor-driven vehicle or piece of equipment or involving
the condition or use of tangible personal or real property.   See
' 101.021.

Because none of appellant=s causes of action fell
within the purview of '
101.021, appellee did not waive immunity on appellant=s remaining claims.  As such, the trial court had no choice but to
dismiss appellant’s “other claims” for lack of jurisdiction.  See id.; LeLeaux,
835 S.W.2d at 51 (school district not liable for injuries sustained by student
entering school bus through emergency rear door because bus was only the “setting”
for the injury and not in operation when child was hurt).








Finding the trial court
properly dismissed appellant=s
“other allegations” for lack of jurisdiction, we overrule appellant=s second point of error.

Having
overruled all of appellant=s points of error,
we affirm the judgment of the trial court.

 

 

/s/        John
S. Anderson

Justice

 

 

 

Judgment rendered and Memorandum Opinion filed May 29, 2003.

Panel consists of Justices Anderson, Seymore, and Guzman.











[1]  Students pay a
fee to ride the buses and METRO provides no special bus services to the
children. 





[2]  While there is
no copy of appellee’s severed motion to dismiss in
the record, the record does contain (1) a copy of a letter from defense counsel
to the district clerk referencing severance of appellee’s
motion for summary judgment and motion to dismiss; (2) a copy of appellee’s severed motion for summary judgment; (3) a copy
of a communication from appellee to the district clerk requesting inclusion of
appellee=s severed motion to dismiss in the record; and (4) a
copy of the trial court=s order granting both appellee’s
severed motion for summary judgment and its severed motion to dismiss. 





[3]  In its brief,
appellee asserts that the pleading before the court on June 24, 2002, the day
of appellee’s summary judgment hearing, was appellant’s
fourth amended original petition.  The
record does not contain a copy of this instrument; rather, it contains appellant’s
first amended and fifth amended original petitions (filed May 24 and June 24,
2002 respectively) and METRO’s motion for summary
judgment (filed February 2, 2002), which includes an attached copy of appellee’s fourth amended petition.





[4]  Appellant
claims in her brief that “Miedke=s
pleadings tell the story”; however, pleadings do not constitute summary
judgment proof.  See Lampasas v.
Spring Ctr, Inc., 988 S.W.2d 428, 436 (Tex. App.CHouston [14th Dist.] 1999, no pet.) (finding plaintiff
could not defeat a no-evidence motion for summary judgment by pleadings instead
of proof because the purpose of a summary judgment is to “pierce the pleadings”
and “assess the proof” in order to see whether there is a genuine need for
trial).  

Despite appellant=s citation of extensive testimony from Tyler’s
deposition and the deposition of METRO’s driver in
both appellant=s brief and response to appellee’s
motion for summary judgment, appellant did not direct the court to any evidence
in the record that supports the assertion that the flashers were not
activated.





[5]  Appellant also
asserts appellee’s no-evidence summary judgment
motion violated Rule 166a(i) by failing to include (1) a factual summary of the
case; (2) the claims brought by the plaintiff, with each element set out and
defined with supporting authority; (3) a list of claims and the elements which
the movant alleges the non-movant cannot support with evidence; (4) a
description of how there has been adequate time for discovery; (5) legal
authorities; and (6) a prayer describing relief sought.  Because Rule 166a(i) does not require
components (1), (2), (5), and (6), and because appellant fails to cite
authority supporting the proposition that such components are required, we do
not address this claim.





[6]  Appellee=s severed motion (filed June 20, 2002) does contain a
brief mention of lack of waiver of immunity; however, this appears to be a
remnant of the May 29, 2001 instrument in which appellee’s
motion for summary judgment and appellee=s motion
to dismiss for lack of jurisdiction were combined. 





[7]  Appellee did
assert governmental immunity in its original answer and its motion to dismiss
for lack of jurisdiction; however, nothing in the record suggests the trial
court granted appellee=s no-evidence summary judgment motion on the basis of
these assertions.





[8]  In her brief,
appellant claims appellee failed to address METRO’s
(1) alleged blockage of the street; (2) failure to follow policy with regard to
the drop-off of children; (3) failure to open the doors and allow children to
exit the bus in an area not designated as a crosswalk; (4) failure to follow
policy with regard to children riding as passengers; (5) failure to drop off
children in an area where children could safely exit the bus; (6) operating the
bus in such a manner as to allow children to exit without supervision or
direction; (7) failure to employ safety devices necessary to warn the public of
children departing the bus; (8) failure to follow policy with regard to the
delivery of children; (9) failure to employ safety equipment and procedures;
and (10) failure to comply with Texas Public Education Code requirements.





[9]  See also LeLeaux, 835 S.W.2d at 51 (no use or operation of motor vehicle where
student injured head while jumping through rear emergency door of school bus at
time bus engine was turned off); Luna v. Harlingen Consol. ISD, 821
S.W.2d 442, 445B46 (Tex.
App.CCorpus Christi 1991, writ denied) (no use or operation
of motor vehicle where students were hit at bus stop by third party); Heyer v. North East ISD, 730 S.W.2d 130, 132 (Tex. App.CSan
Antonio
1987, writ ref’d n.r.e.) (no use or operation of motor vehicle where third
party’s automobile struck child waiting for school bus on school property); Estate
of Garza v. McAllen ISD, 613 S.W.2d 526, 528 (Tex. App.CBeaumont 1981, writ ref’d n.r.e.) (no use or
operation of vehicle where student was stabbed by third party while riding
school bus).  But cf. Contreras v.
Lufkin ISD, 810 S.W.2d 23 (Tex. App.CBeaumont 1991, writ denied) (use or operation of
vehicle found where school bus left child at wrong place and child, while
crossing street, was subsequently killed by third party); Austin ISD, 54
S.W.3d  at 868 (use or operation of
vehicle found where bus driver failed to honk horn to signal child it was safe
to cross street).





[10]  As previously
noted, at least one appellate court has concluded that non-use of a motor
vehicle’s flashers represents  “operation
or use” of a vehicle under ' 101.021(1).  Hitchcock v.
Garvin,
738 S.W.2d 34 (Tex. App.CDallas 1987, no writ) (finding use or operation of a motor vehicle
where school bus driver failed to activate flashing lights and student was
subsequently injured by passing motorist).





[11]  For similar
treatment regarding the non-use of tangible
personal or real property under subsection 101.021(2), see City of Houston
v. Rushing, 7 S.W.3d 909, 915 (Tex. App.CHouston
[1st Dist.] 1999, pet. denied) (finding non-use of tangible propertyCand hence, no waiver of immunityCwhere officer decided not to call dispatch, not to use
a marked car to alert traffic, and not to park car in street); Renteria v. Housing Auth.
of City of El Paso, No. 08-01-00331-CV, 2002 WL 31151436, at *3 (Tex. App.CEl Paso Sept. 26, 2002)
(finding non-use of real propertyCand hence, no
waiver of immunityCwhere Housing Authority made the decision
to allow convicted sex offender to live in housing project and failed to warn
other tenants).