TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00473-CV









Derwalea King, Individually and as Next Friend of Courtney Minnis, a Minor, Appellant



v.



Manor Independent School District, Appellee








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT


NO. GN101168, HONORABLE DARLENE BYRNE, JUDGE PRESIDING 






M E M O R A N D U M O P I N I O N




 Derwalea King appeals from the trial court's dismissal of her cause based on appellee
Manor Independent School District's (MISD) plea to the jurisdiction. We will affirm the judgment.


Factual and Procedural Background



 Courtney Minnis was struck by a passenger car as she attempted to cross the road to
her home approximately one-half block from the school bus stop. According to the bus driver, rather
than crossing the road immediately, Courtney and several other girls routinely remained on the same
side of the road as the bus stop and walked along that side of the road before actually crossing the
road. On the day in question, the girls appeared to be following this pattern, so the bus driver
departed from the stop. Several minutes later, Courtney was injured trying to cross the road. 
According to Shandi Minnis, Courtney's sister, the school bus driver never stayed at the stop with
the flashers on but would always drive off right after the passengers got off the bus. However,
Courtney's sister did admit that they had walked for one-half block in the grass on the same side of
the road on the day in question before attempting to cross the road. (1)

 Appellant filed suit over Courtney's injuries. In response, MISD filed a plea to the
jurisdiction and motion for summary judgment. The trial court granted MISD's plea to the
jurisdiction and dismissed King's case. In one issue on appeal, King urges that Courtney's injuries
arose from the operation or use of the MISD school bus, thus creating a waiver of sovereign
immunity under the Texas Tort Claims Act. See Tex. Civ. Prac. & Rem. Code § 101.021(1)(A)
(West 1997).


Discussion



Plea to the Jurisdiction


 In deciding a plea to the jurisdiction, a court may not weigh the merits of a claim but
considers the plaintiff's pleadings and the evidence pertinent to the jurisdictional inquiry. County
of Cameron v. Brown, 80 S.W.3d 549, 555 (Tex. 2002); Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d
547, 554-55 (Tex. 2000). When reviewing a trial court's order on a plea to the jurisdiction, the
appellate court construes the pleadings and evidence in the plaintiff's favor and looks to the pleader's
intent. See Brown, 80 S.W.3d at 555; Texas Ass'n of Bus. v. Texas Air Control Bd., 852 S.W.2d 440,
446 (Tex. 1993); Peek v. Equipment Serv. Co., 779 S.W.2d 802, 804-05 (Tex. 1989). Our review
of a plea to the jurisdiction is de novo. Hill v. Burnet County Sheriff's Dep't, 96 S.W.3d 436, 439
(Tex. App.--Austin 2002, pet. denied). To prevail on its plea to the jurisdiction, MISD had to show
that the pleadings and evidence (1) affirmatively negated the existence of jurisdiction and (2)
demonstrated incurable defects in jurisdiction. See Brown, 80 S.W.3d at 555. MISD argues that it
has met this burden by showing that the accident did not arise from the use or operation of a motor
vehicle. Therefore, MISD's sovereign immunity was not waived under the Tort Claims Act's waiver
of sovereign immunity.


School Bus Liability


 We start by observing that this Court does not write on a clean slate. School districts
are immune from liability for personal injuries under the Texas Tort Claims Act, unless the injury
arises from a governmental employee's operation or use of a motor-driven vehicle. See Tex. Civ.
Prac. & Rem. Code Ann. §§ 101.021(1)(A) (West 1997); LeLeaux v. Hamshire-Fannett Indep. Sch.
Dist., 835 S.W.2d 49, 51 (Tex. 1992). To establish a waiver of immunity from suit, a plaintiff must
allege that a government motor vehicle was used or operated, and that there is a nexus between the
injury and the operation or use of the motor vehicle by a government employee. Martinez v. Via
Metro. Transit Auth., 38 S.W.3d 173, 176 (Tex. App.--San Antonio 2000, no pet.); see also
LeLeaux, 835 S.W.2d at 51.

 The first step in determining if there is a waiver of immunity is to decide if there was
an operation or use of a motor vehicle. The Texas Tort Claims Act does not define the terms 
"operation" or "use," so we apply their common and ordinary meanings. See Satterfield v.
Satterfield, 448 S.W.2d 456, 459 (Tex. 1969). "Use" is defined as to "put or bring into action or
service; to employ for or apply to a given purpose." Dallas Area Rapid Transit v. Whitley, 104
S.W.3d 540, 542 (Tex. 2003); Mount Pleasant Indep. Sch. Dist. v. Estate of Lindburg, 766 S.W.2d
208, 211 (Tex. 1989).

 In general, when applying the term "operation or use" in school bus cases, appellate
courts have examined whether the employee's act involved an actual use or operation of the vehicle,
rather than the supervision of children. Goston v. Hutchinson, 853 S.W.2d 729, 733 (Tex.
App.--Houston [1st Dist.] 1993, no writ); Estate of Garza v. McAllen Indep. Sch. Dist., 613 S.W.2d
526, 528 (Tex. Civ. App.--Beaumont 1981, writ ref'd n.r.e.). If the employee's act involved only
supervision or control, immunity has not been waived, even if the act took place on or near the motor
vehicle. Goston, 853 S.W.2d at 733; see also Estate of Garza, 613 S.W.2d at 528.

 The second step requires an understanding of the requisite nexus between the injury
and the operation or use of the vehicle. The Texas Supreme Court determined in LeLeaux that the
statutory phrase "arises from" requires that there be some connection between the injury and the act
of using or operating the vehicle. 835 S.W.2d at 51. The school employee's negligent act in using
or operating the vehicle must have played some role in causing the injury. See id. The operation or
use of a motor vehicle "does not cause injury if it does no more than furnish the condition that makes
the injury possible." See Whitley, 104 S.W.3d at 543 (quoting Dallas County Mental Health &
Mental Retardation v. Bossley, 968 S.W.2d 339, 343 (Tex. 1998)).

 In the current case, appellant contends that a part of the operation or use of the bus
is the use of the bus itself as a safety device by its actions in remaining stationary at the bus stop with
the appropriate red flashing lights to stop traffic as required by statute. See Tex. Transp. Code Ann.
§ 545.701(c) (West Supp. 2003) (safety procedures for school buses); § 545.066(a)(1), (c) (West
1999) (misdemeanor offense to pass bus displaying appropriate signals). MISD contends that the
procedures used by the bus driver when unloading passengers do not constitute an operation or use
of the vehicle. Instead, MISD asserts that these procedures are supervisory in nature and are
analogous to the actions taken by an individual supervising children at a crosswalk. We think
MISD's position is correct.

 We begin by distinguishing our recent case, Austin Independent School District v.
Gutierrez, 54 S.W.3d 860 (Tex. App.--Austin 2001, no pet.), in which this Court found a waiver
of sovereign immunity. In Gutierrez, Adriana Gutierrez and her cousin Paul exited the bus and had
to cross the street to reach Adriana's home. While stopped, the driver honked to signal that it was
safe to cross the street. Paul crossed safely; Adriana was hit by a car. Id. at 861. This Court held
that the driver's affirmative action in honking the horn was an operation or use of the vehicle that
may have contributed to the child's accident. Id. at 866-67.

 In the case at issue, there is no such affirmative act on the part of the driver. Rather,
this case appears to belong in the category of cases finding no waiver of sovereign immunity because
there was no "operation or use" of the motor vehicle within the meaning of the Tort Claims Act. We
will examine these cases in more detail.

 In Mount Pleasant Independent School District v. Estate of Lindburg, 766 S.W.2d
208 (Tex. 1989), the school bus left the scene before the accident occurred. Two students were
delivered safely to a bus stop beside the highway. One student crossed the highway without incident. 
The bus driver waited for the other student to cross, but left when she failed to do so. 766 S.W.2d
at 209. Once the bus was approximately 200 yards from the girl, she attempted to cross the highway;
a car hit and killed her. Id. The court discussed the fact that the plaintiff did not request a jury issue
concerning a waiver of sovereign immunity. Id. at 211. Accordingly, there was no finding that the
child's death was caused by the "operation or use of a motor-driven vehicle." Id. at 211-12. 
However, the court also noted that the evidence did not establish as a matter of law that her death
was caused by the use of a motor vehicle. Id. at 212. The court then said that "the plaintiff has
waived an essential element of her cause of action. Thus, her recovery in this case is barred by
sovereign immunity." Id. The court then went on to discuss the standard of care, holding it to be
the ordinary negligence standard, not the heightened standard applicable to a common carrier. Id.
at 213.

 Another case in which a student was hit by a car after the school bus left the scene
is Contreras v. Lufkin Independent School District, 810 S.W.2d 23 (Tex. App.--Beaumont 1991,
writ denied). In that case, a six-year-old girl was let off at the wrong stop around the corner from
her home and was struck by a car while attempting to get home. 810 S.W.2d at 24. In Contreras,
the court of appeals reversed defendant's summary judgment because the sole ground on which it
was based, that the plaintiff had not pled waiver of sovereign immunity, was without merit. Id. at
26.

 In Goston v. Hutchison, 853 S.W.2d 729 (Tex. App.--Houston [1st Dist.] 1993, no
writ), a bus driver allowed two students to exit the bus at an undesignated stop at their request. They
got into a car driven by a friend and were involved in a collision. One of the students was killed and
the other was seriously injured. 853 S.W.2d at 731. The Houston court decided that leaving a
student at the wrong stop was a failure to properly supervise the student and did not involve the use
or operation of a motor vehicle. Id. at 734. Thus, the court concluded that the bus driver's actions
did not waive immunity. Id.

 Dallas Area Rapid Transit v. Whitley, 104 S.W.3d 540 (Tex. 2003), involved a
municipal bus. In Whitley, plaintiff Harold Whitley was a disabled passenger on a municipal bus
who was verbally harassed and threatened with a box cutter by another passenger, Mary Burkley. 
The bus driver stopped the bus and told Whitley to exit, stating that he would return for plaintiff in
a few minutes. About two blocks later, Burkley exited, recruited assistance, went to the place where
the bus had left Whitley, and beat him severely. 104 S.W.3d at 541-42. Plaintiff sued, claiming his
injuries arose from a use of the bus, because the bus driver wrongfully ejected him in a dangerous
area of Dallas, allowed the violent passenger to disembark, and then failed to return to pick him up. 
Id. at 542. The court held that the injury did not arise from the use of the bus and sovereign
immunity was not waived. Id. at 542-43. It said that "the gravamen of Whitley's complaint is that
Burkley and her cohorts' actions and the bus driver's failure to supervise the public caused his
injuries." Id. at 543.

 Another case, Ransom v. Center for Health Care Services, 2 S.W.3d 643 (Tex.
App.--San Antonio 1999, pet. denied), did not involve a school bus, but did involve a governmental
entity transporting an individual, and the court relied on school bus cases in making its decision. 
Ransom, a mentally retarded man, was delivered to the bus stop across the street from his group
home at three o'clock in the morning. Id. at 644. The driver waited for Ransom to cross the street,
but when he did not, the driver left the scene. When Ransom later attempted to cross the street, a
drunk driver hit him. Id. The court followed the rationale in Goston and held that the plaintiff's suit
was barred by sovereign immunity. Id. at 645. The court decided that any action taken by the driver
was supervisory rather than a use or operation of the motor vehicle. Id.

 A common pattern in these "failure to supervise" cases is that the bus had already left
the scene by the time the accident occurred. (2) That an act took place on or near the motor vehicle
does not create an operation or use of that vehicle. See Goston, 853 S.W.2d at 733. Further, even
if there is an operation or use of the vehicle, that use "does not cause injury if it does no more than
furnish the condition that makes the injury possible[,]" Whitley, 104 S.W.3d at 543, and does not
result in a waiver of immunity. In this case, the bus had already left the stop and traveled down the
road before the accident. (3) The bus driver's judgment about the amount of time necessary to remain
at the bus stop and judgment about what actions the children were going to take is a matter of the
driver's supervision of the children rather than the operation or use of a motor vehicle. Accordingly,
no waiver of sovereign immunity is established.

 Conclusion



 We overrule appellant's issue. Accordingly, we affirm the trial court's judgment.



 

 Mack Kidd, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed: July 24, 2003
1. The bus driver's deposition testimony was in evidence. Derwalea King, Courtney's mother,
and her sister's evidence was adduced through affidavits.
2. Similarly, one of the first school bus cases to discuss a school district's waiver of
immunity when a student was injured, Hitchcock v. Garvin, 738 S.W.2d 34 (Tex. App.--Dallas
1987, no writ), is distinguishable from the current case on that basis. A student exited a bus and
"[i]mmediately after being discharged from the bus and as she was crossing the street," was hit by
a car. 738 S.W.2d at 35 (emphasis added). The plaintiffs alleged that the bus driver did not activate
his flashers to signal that students were exiting the bus, which both the bus driver training guide and
Texas traffic statutes required. Id. at 36. The Dallas court held that the issue of whether the driver
had activated his flashers was a question of fact and remanded the case to the trial court for a trial
on the merits. Id. at 37-38. It is a reasonable inference from the language "immediately" that the
bus was present at the stop when the accident occurred.
3. According to the bus driver, she was seven or eight miles from the stop when she heard
about the accident.