ACCEPTED
14-15-00191-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
9/25/2015 3:45:37 PM
CHRISTOPHER PRINE
CLERK

## NO. 14-15-00191-CV

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
9/25/2015 3:45:37 PM
CHRISTOPHER A. PRINE
Clerk

# IN THE COURT OF APPEALS FOR THE FOURTEENTH JUDICIAL DISTRICT AT HOUSTON, TEXAS

## CYNTHIA STERNBERG,
### Appellant

## V.

## LYDIA MARRERO LANGSTON TRUST, KATHERINE LANGSTON STOETZEL, JAMES WRIGHT LANGSTON, JAMES WRIGHT LANGSTON, JR., KENNETH LOUIS LANGSTON,
### Appellees

---

### On Appeal from the 190th Judicial District Court
### Harris County, Texas
### Trial Court Cause No. 2013-677-67

---

## BRIEF OF APPELLANT, CYNTHIA STERNBERG

## ORAL ARGUMENT NOT REQUESTED

/Cynthia Sternberg/
**Cynthia Sternberg**
**2727 Revere St., #1069**
**Houston, Texas 77098**
**832-613-4955**
**Langston7@aol.com**
**PRO SE APPELLANT**

# **IDENTITY OF PARTIES TO THE JUDGMENT AND COUNSEL**

Parties to the Order of Final Summary Judgment at issue in this

appeal are as follows:

APPELLANT:     Cynthia Sternberg
         Pro Se Appellant
         70380 Highway 21-#190
         Covington, Louisiana  70433
         Langston7@aol.com


APPELLEES:     LYDIA MARRERO LANGSTON TRUST,
         KATHERINE LANGSTON STOETZEL,
         JAMES WRIGHT LANGSTON, JR. KENNETH
         LOUIS LANGSTON, DR. JAMES WRIGHT
         LANGSTON


APPELLEE'S COUNSEL:  PRATT LAW GROUP, PC
         Darryl V. Pratt, Attorney
         Texas State Bar No. 24002789
         2500 Legacy Drive, Suite 228
         Frisco, Texas  75034

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Texas Rule of Appellate Procedure 39.1, Appellants submit that oral argument is unnecessary to the appellate review of the trial court's Order of Final Judgment.

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL                    2

STATEMENT REGARDING ORAL ARGUMENT                 3

TABLE OF CONTENTS                                 4

TABLE OF AUTHORITIES                              7

     Cases                                       7

     Statutes                                    8

STATEMENT OF THE CASE                             9

ISSUES PRESENTED                                  17

STATEMENT OF THE FACTS                            18

SUMMARY OF THE ARGUMENT                           25

ARGUMENT                                          28

     I.    Introduction                          28

     II.   Subject Matter Jurisdiction           29

     III.  Appellees' Lack of Standing           30

IV. Procedural History of Competing Mississippi       31
and Texas Litigation

   a. Texas Litigation: November 2013.       31

   b. Mississippi Litigation: March, 2014 to present       32

   c. Texas Litigation:  December, 2015       35

V. Standard of Review and Burden of Proof       37

   a. Appellees' Burden       36

   b. District Court's Standard of Review       40

      i. Cynthia Not Obligated to Respond to Patently Deficient
      Motion       40

      ii. District Court's Standard of Review Irrespective of
      Response       41

VI. Legal Insufficiency       44

   a. Genuine Issue of Fact:
   Fact versus Fiction – Disputed and Undisputed       44

      i. Offer of Judgment       44

      ii. Mississippi Judgment       47

      iii. True Facts Defeat Appellees' Claims       50

CONCLUSION 51

PRAYER 52

APPENDIX 53

CERTIFICATE OF COMPLIANCE 54

CERTIFICATE OF SERVICE 55

# TABLE OF AUTHORITIES

## Cases

Black v. Victoria Lloyds Ins. Co*.,*      *39*
*797 S.W.2d 20, 27 (Tex. 1991).*

Bradt v. West,      42
892 S.W.2d 56, 65 (Tex. App.-Houston [1st Dist.] 1994, writ denied).

City of Houston v. Clear Creek Basin Authority,      38, 40
589 S.W.2d 671, 678 (Tex. 1979)

Fry v. Comm'n for Lawyer Discipline, 979 S.W.2d 331, 334      37
(Tex. App.—Houston [14th Dist.] 1998, pet. denied)

KPMG Peat Marwick v. Harrison County House. Fin. Corp.,      40
988 S.W.2d 746, 748 (Tex.1999),

M.D. Anderson Hosp. and Tumor Inst. v. Willrich,      37, 40
28 S.W.3d 22, 25 (Tex. 2000)

Robinson v. Devereux Foundation,      38
No. 14-01-00081 (Tex. App.— Houston [14th Dist.] June 6, 2002)

Southwestern Elec. Power Co. v. Grant*,*      *38*
73 S.W.3d 211, 215 (Tex. 2002).

TH Investments, Inc. v. Kirby Inland Marine, L.P.,      42
218 S.W.3d 173, 209 (Tex. App. – Houston [14th Dist.] 2007, pet. denied).

Woomer v. City of Galveston*,*      *39*
765 S.W.2d 836, 837 (Tex. App. – Houston [1st Dist] 1988, writ denied.

**Statutes**

Mississippi:

    Rule 68, Mississippi Rules of Civil Procedure    13, 20, 33

Texas:

    Texas Trust Code.  CI.R. 5. Article I(A),

    Sections 15.001, 15.002(c).    18, 29

## STATEMENT OF CASE

This suit originates from the passing of Lydia Marrero Langston ("Lydia") and is repugnant family litigation over the validity and enforcement of the Lydia Marrero Langston Trust ("Trust") and Last Will and Testament ("Will"), translating into a suit over Lydia's assets and money. Cl.R. pages 89, 93. Cynthia Sternberg ("Cynthia"), Appellant appears here as the **defendant** on Appellees' counterclaims. Cl.R. page 58. The Appellees are James W. Langston, and her siblings, James Wright Langston, Jr., Katherine Stoetzel and Kenneth Louis Langston ("Appellees"). Cl.R. page 4.

Cynthia appeals Appellees' **default** Final Order Motion for Summary Judgment ("Summary Judgment") rendered by the 190th Judicial District Court, Harris County, Texas' ("Texas District Court") in favor of Appellees on their counterclaims. Cl.R. Page 201.

The Texas District Court's default Summary Judgment awarded the Appellees the following, without any evidence:

> 1) the Lydia Marrero Langston Trust, dated December 24, 2010, be and hereby declared to be invalid and should be and is set aside as a matter of law;
>
> 2) Cynthia be disgorged of any distributions from the Marrero Ltd. & Improvement Association…;

3) Cynthia reimburse the Appellees for the cost of the Expert Witness Handwriting Opinion of Jane H. Buckner of $4,500.00;

4) $137,000.00 which is the amount of money which Plaintiff absconded with from the Marrero Ltd. & Improvement Association, Ltd.;

5) $15,000.00 as the actual cash amount paid by Defendant Dr. Katherine Langston to the pawn shop to recover the $100,000.00 worth of jewelry which Cynthia pawned from the Lydia Marrero Langston trust, dated December 10, 2010;

6) $_____ as interest due on the outstanding each of the above referenced amounts through the date this Final Summary Judgment is signed and entered;

7) $_____ as late fees;

8) $24,000.00 as reasonable and necessary attorneys fees;

9) Post judgment interest at the rate of five per cent (5%) per annum from the date of this judgment until paid; and

10) all taxable costs of court.

CI. R. page 201. Additionally, regarding appeals, the District Court

ordered Cynthia to pay Appellees:

(i) $10,000.00 upon dismissal of an appeal filed by Plaintiff in the Court of Appeals, or upon the issuance of a mandate affirming the judgment of the Court;

(ii) $7,500.00 upon the denial of a petition for review filed by the Plaintiff to the Texas Supreme Court, or upon the granting of a petition for review filed by the Plaintiff to the Texas Supreme Court; and

(iii) $10,000.00 if a brief on the merits is requested of Defendants, and the Texas Supreme Court thereafter (a) denies a petition for review filed by the Plaintiff or (b) affirms the judgment of this Court.

Finally, the Summary Judgment reads,

"Because this Judgment disposes of all
parties and all issues, this is a FINAL JUDGMENT."

Cl. R. page 203.

The incidental consequence of this Texas District Court *default* Summary Judgment, is: 1) Appellees avoided any and every discovery obligations through deception; 2) Appellees dodged responding to a single interrogatory, request for admission or request for production of documents, except baseless objections; 3) Appellees avoided sitting for a single requested deposition; 4) Appellees absconded with the alleged rights and assets of the Estate of Lydia Marrero Langston; and 5) effectively a full and final disposition of all of the Estate and/or Appellees' Mississippi Claims. Cl.R. Page 65, 201. Moreover, Appellees failed to provide *any* evidence of their alleged legal claims and actual damages. Cl. Page 65. Further to Appellees' fraud on the Texas District Court and Mississippi Court and abuse of process is that Appellees consciously, with malice and forethought, exclude any and all facts regarding any of the benefits, including direct and indirect money payments received by them from the Trust. – not to mention the protection afforded Dr. Langston from his bankruptcy creditors. Cl.R. page 65, 182.

On November 8, 2013, Cynthia filed a "Petition to Sever the Cynthia Langston Sternberg Trust from the Lydia Marrero Langston Trust, or alternatively to Dissolve the Lydia Marrero Langston Trust" ("Petition") in the Texas District Court. Cl.R. Page 4. Cynthia primarily sought that the Cynthia Langston Sternberg Trust ("Sternberg Trust") be severed from the Trust, or in the alternative that the Trust be terminated. Cl.R. Page 4

The Appellees responded with a "Special Appearance Challenging Personal Jurisdiction and a Plea in Abatement, Special Exceptions and Original Answer" and "Defendants' Amended Answer, Affirmative Defenses and Counterclaims" (collectively, "Counterclaims"), asserting against Cynthia a variety of counterclaims, including among others, forgery, fraud and theft. Cl.R. pages 57-64. Appellees seek from Cynthia complete disgorgement of any and all rights in and to her interest in the Trust assets, damages and other relief ("Langston Claims"). Cl.R. Pages 57-64, 65, 201.

Apparently, the Estate of Lydia Marrero Langston ("Estate"), pending in Jones County, Mississippi, was a more appealing and favorable jurisdiction for Appellees, so tin addition to their Counterclaims in Texas, Appellees also filed their same claims in Mississippi, Petition to Set Aside Instrument and Trust Admitted to Probate and for Other Relief in Jones County, Mississippi,("Mississippi Litigation") within the Estate. Cl.R. page 2.

Since Appellees filed the Mississippi Litigation, Mississippi has been the sole jurisdiction for all contentious pretrial motions and discovery disputes. Cl.R. page 2. Neither the Appellees nor Cynthia have filed any pleadings, motions or engaged in discovery in the Texas District Court since March, 2014. Cl.R. page 2, 116-180.

In December, 2015, Appellees ambushed Cynthia by returning to the Texas District Court with a "Motion for Summary Judgment with Exhibits" ("Motion for Summary Judgment"). Cl.R. Page 65. Appellees' Motion for Summary Judgment asked the Texas District Court to review, interpret and "enforce" or "apply" a Mississippi interlocutory consent Judgment to ("Interlocutory Judgment"), and an Offer of Judgment Cynthia submitted under Rule 68 of the Mississippi Rules of Civil Procedure, among other Mississippi documents and law. By virtue of the Mississippi Interlocutory Judgment, the Estate acquired all "ownership" of all of Lydia's assets from the moment of her death and therefore, the proper party for any of the alleged claims against Cynthia. By virtue of the Mississippi Interlocutory Judgment, ***Appellees do not have standing in this Texas Litigation and are not the proper party in this Texas District Court default Summary Judgment. Only the Estate has standing.*** Cl.R. 5, 111.

Appellees set their Motion for Summary Judgment for submission on January 9, 2015. Cynthia calculated that her response, though not required under Texas law, was due on or before December 29, 2014. Cl.R. page 205. At about 8:00 a.m. of December 29, 2014, Cynthia telephoned the Texas District Court Clerk to see what time they opened. Cl.R. page 205. Cynthia received a recording from the Clerk that stated they were closed. Cl.R. page 205. Cynthia believed the clerk's office was closed, when in hindsight that recording had not yet been changed from the previous Friday, which was a holiday. Cl.R. page 205. Relying on the clerk of court's recording, Cynthia filed her response to Appellees' Motion for Summary Judgment on December 30, 2014. Cl.R. Page 186, 205.

On January 2, 2015, Appellees filed a Proposed Order on Final Summary Judgment. Cl. R. page 197.

On January 9, 2015, Judge Patricia Kerrigan inserted into the Appellees' proposed Order on Final Summary Judgment that she only considered a *"…timely filed response*…" and signed the Proposed Order on Final Summary Judgment as presented. [Emphasis added] Cl. R. page 197, 201. Only upon reading the inserted language did Cynthia realize that she accidentally filed her response to the Appellees' motion for summary judgment, ONE (1) day late. Cl.R. page 201.

Plaintiffs are shrewd enough to exploit the Mississippi and Texas courts for their own advantage, so it is absurd to believe that Appellees really believe their Motion for Summary Judgment is truly a "no-evidence" motion submitted from the standpoint of a defendant. Under Plaintiffs' contention, they say that because they are defendants on Cynthia's original petition, they can use the "no-evidence" standard to obtain a full and final judgment on each and every of their vehemently disputed claims against Cynthia.

Appellees confess that the evidence supporting their Motion for Summary Judgment was pursuant to that required of a defendant, though Appellees most certainly assert this Motion in the capacity as plaintiffs on their counterclaims. CI.R. Paragraphs 4.2, 4.4, Page 71, 72. ***Appellees are not defendants in their Motion for Summary Judgment and their Motion for Summary Judgment is not a "no-evidence" motion as they pretend.*** Appellees alleged facts are deficient by Appellees' own admission. Therefore, irrespective of the timeliness of Cynthia's response, well settled Texas law makes clear that no response is required where the movant fails to establish their claims. Appellees' Motion for Summary Judgment is deficient by Appellees own words and on its face, and a

default Summary Judgment is a travesty of justice, depriving Cynthia of her civil rights.

Cynthia filed a Motion for New Trial or for Reconsideration, explaining innocent miscalculation and misunderstanding regarding the due date for her response. CI.R. Page 205. The Texas District Court denied Cynthia's motion, and this appeal ensued. CI.R. page 223. The Texas District Court committed egregious error by granting Appellees' *default* Order of Final Summary Judgment.

## ISSUES PRESENTED

Whether the District Court erroneously granted the Appellees' Motion for Summary Judgment with a ***default*** Summary Judgment, specifically:

1. Whether the District Court erred in granting the Appellees Motion for Summary Judgment by default as the Motion contained genuine issues of material fact, prohibiting summary judgment?

2. Whether Cynthia was required to file a response to the Motion for Summary Judgment in light of Appellees' absence of evidence in support of the Motion for Summary Judgment?

3. Whether the Appellees have standing in light of the Judgment which converted all Trust assets to the Estate of Lydia Marrero Langston.

4. Whether the District Court erred by granting the default Motion for Summary Judgment as the Appellees' Motion was wrought with blatant material issues of fact?

5. Whether the summary judgment record conclusively established the basis for and amount of the Appellees' damages?

6. Whether the District Court erred by granting the Order of Final Summary Judgment without providing a "Findings of Fact?"

## STATEMENT OF THE FACTS

This appeal derives from a *default* Order of Final Summary Judgment granted by the Texas District Court.  CI.R. page 201.  The peculiar procedural history and posture of this litigation enabled Appellees' duplicitous abuse of and fraud on the judicial system.

Lydia passed away in August, 2012.  There was an alleged Trust and Will.  CI.R. page 89, 93.   Within a year, the heirs began suing each other over the validity and administration of the Trust and Will, asserting countless causes of action against one another, primarily the Appellees against Cynthia.  CI.R. page 4.  Among those claims Appellees assert against Cynthia are fraud, theft and forgery.  CI.R. page 58, 68, 192.

On November 8, 2013, Cynthia filed the Petition CI.R. Page 4.  The Texas District Court's subject matter jurisdiction was premised on the choice of law provisions in the Trust, designating Texas law as the choice law and Harris County as the venue and the Texas Trust Code.  CI.R. 5.  Article I(A), Sections 15.001, 15.002(c).

The Appellees responded with their Counterclaims, accusing Cynthia of various types of fraud, seeking from Cynthia complete disgorgement of

any and all rights in and to her interest in the Trust assets ("Langston Claims"), among other relief.  Cl.R. pages 30, 58.

On March 21, 2014, Appellees went to Jones County, Mississippi and filed a "Petition to Set Aside Instrument and Trust Admitted to Probate and for Other Relief" ("Mississippi Litigation") within the Estate. Cl.R. 77.   In the Mississippi Litigation, the Appellees asserted the identical claims against Cynthia as they asserted against Cynthia in the Texas Litigation.   Cl.R. page 58, 77.  Likewise, Cynthia responded asserting against Appellees the identical claims asserted in her Texas Petition.   The Mississippi Litigation continues to be aggressively prosecuted, but in light of the Texas Summary Judgment, is stalled, pending this Appeal.  Cl.R. pages 116-180.

Appellees elected to proceed in Mississippi over Texas.  Mississippi was there jurisdiction and venue of choice.  Cynthia obliged.  Accordingly, the Mississippi Litigation has been the sole venue for all very contentious pretrial activity, from March 21, 2014 to present.

From March 24, 2014 through December 10, 2015, neither the Appellees nor Cynthia have filed any pleadings, motions or engaged in discovery in the Texas District Court.  Cl.R. pages 58, 65.

19

In April, 2014, in the Mississippi Litigation, Cynthia sent Appellees an Offer of Judgment under Rule 68 of the Mississippi Rules of Civil Procedure ("Rule 68"). Appendix A. The Offer of Judgment speaks for itself. CI.R. page 114. Cynthia's Offer of Judgment is in plain and simple language, requiring no interpretation. Appellees rejected Cynthia's Offer of Judgment. By operation of the plain language of Rule 68, Cynthia's Offer of Judgment was withdrawn. Appendix B. Finally, Rule 68 unequivocally ***prohibits*** any use of an Offer of Judgment against the offeror, Cynthia, in any proceeding. Appendix A. In direct contravention of Rule 68, Appellees not only use Cynthia's Offer of Judgment in these Texas proceedings, but also, Appellees twist Cynthia's language in the Offer of Judgment, telling the Texas District Court that Cynthia, "expressly admits…" liability in the Offer of Judgment. CI.R. page 68, paragraph 3.3.

In July, 2014, by consent of Cynthia and Appellees, Judge McKenzie in Mississippi Litigation entered the Mississippi consent Interlocutory Judgment on July 15, 2014. CI.R. page 111. Cynthia and Appellees mutually negotiated the Mississippi Judgment and agreed to the language used in the Mississippi between the parties. CI.R. page 111. The language of the Mississippi Judgment is clear and unambiguous, thus not

subject to interpretation.   CI.R. page 111.  The Mississippi Judgment speaks for itself.   CI.R. page 111.

Also in August, 2014, the Mississippi Judge entered an Order on numerous motions pending before the Mississippi Court.  Appendix A. Among other things, this August Order disposed of cross motions to compel and motions for protective order regarding depositions, and ordered the Estate's administrator to identify all outstanding discovery owed by all parties **and prohibiting** the scheduling of any depositions until outstanding discovery disputes are resolved. Appendix A.

The August, 2014 Mississippi discovery Order is conspicuously absent from Appellees' misrepresentations to the Texas District Court stating among other things, that Cynthia waived her right to participate in discovery because she failed to engage in discovery.   Appendix B. Cynthia did not engage in discovery in the Texas Litigation in an effort to preserve judicial resources and economics, and in **good faith.**  Certainly, litigating in Texas and discovery in the Texas District Court would have been cheaper and more cost efficient for Cynthia.  Cynthia's good faith conduct in relying solely on the Mississippi Court is being punished, and in fact, advanced the Appellees' exploitation of the parallel and apparently competing proceedings.   The August, 2014 discovery Order speaks for

itself, and Appellees omission reveals yet again, Appellees' proclivity for falsifying and manipulating the alleged facts.  Appendix A.

In December, 2014, the Appellees returned to the Texas District Court, filing their "Motion for Summary Judgment with Exhibits" ("Motion for Summary Judgment").  CI.R. Page 65.  Appellees' Motion for Summary Judgment sought full disposition of all of their claims against Cynthia, with an order granting the Appellees all of the relief prayed for not only in their Texas Counterclaims but also in their Mississippi Petition.  CI.R. oage 65, 182, 197.  Appellees set their Motion for Summary Judgment for submission on January 9, 2015.

Accidentally and unintentionally filed her response to Appellees' Motion for Summary Judgment 1 day late.  CI.R. page 205.  The delay was caused by Cynthia's confusion over the court holidays. CI. R. page  205. On January 2, 2015, Appellees filed a Proposed Order on Final Summary Judgment.  CI. R. page 197.

On January 9, 2015, Judge Patricia Kerrigan signed the Appellees' proposed Order on Final Summary Judgment, as presented, except to insert that she only considered a "…***timely filed response***…".   [Emphasis added]  CI. R. page 201.

The Order on Final Summary Judgment awarded the Appellees: 1) the Lydia Marrero Langston Trust, dated December 24, 2010, be and hereby declared to be invalid and should be and is set aside as a matter of law; 2) Cynthia be disgorged of any distributions from the Marrero Ltd. & Improvement Association…; 3) Cynthia reimburse the Appellees for the cost of the Expert Witness Handwriting Opinion of Jane H. Buckner of $4,500.00; 4) $137,000.00 which is the amount of money which Plaintiff absconded with from the Marrero Ltd. & Improvement Association, Ltd.; 5) $15,000.00 as the actual cash amount paid by Defendant Dr. Katherine Langston to the pawn shop to recover the $100,00.00 worth of jewelry which Cynthia pawned from the Lydia Marrero Langston trust, dated December 10, 2010; 6) $_____ as interest due on the outstanding each of the above referenced amounts through the date this Final Summary Judgment is signed and entered; 7) $_____ as late fees; 8) $24,000.00 as reasonable and necessary attorneys fees; 9) Post judgment interest at the rate of five per cent (5%) per annum from the date of this judgment until paid; and 10) all taxable costs of court. Cl. R. page _. Additionally, regarding appeals, the District Court ordered Cynthia to pay Appellees: (i) $10,000.00 upon dismissal of an appeal filed by Plaintiff in the Court of Appeals, or upon the issuance of a mandate affirming the judgment of the

Court; (ii) $7,500.00 upon the denial of a petition for review filed by the Plaintiff to the Texas Supreme Court, or upon the granting of a petition for review filed by the Plaintiff to the Texas Supreme Court; and (iii) $10,000.00 if a brief on the merits is requested of Defendants, and the Texas Supreme Court thereafter (a) denies a petition for review filed by the Plaintiff or (b) affirms the judgment of this Court. Finally, the Judgment reads, "Because this Judgment disposes of all parties and all issues, this is a FINAL JUDGMENT. Cl. R. page 201.

Cynthia filed a Motion for New Trial or for Reconsideration, explaining her error. Cl.R. page 205. Judge Kerrigan denied Cynthia's motion, and this appeal ensued. Cl.R. page 223. Even a cursory review of Appellees' alleged facts would have revealed the Appellees'' brazen deceit, abuse of process and fraud on the courts. The Texas District Court committed egregious error by granting Appellees' Order of Final Summary Judgment, by default.

## SUMMARY OF THE ARGUMENT

Appellees' Motion for Summary is wrought with flagrant perversions of the facts and shameless lies.  Because two completely independent and unrelated jurisdictions, Texas and Mississippi, concurrently preside over the identical legal claims and issues between Cynthia and Appellees, Appellees were able to exploit these courts and play one against the other in order to obtain a "trial by ambush."  CI.R. pages 30, 58, 77, 116-180.

The Texas District Court presided over this litigation based upon the Trust's choice of law provision.  Under the Trust, Harris County was the selected venue, and the Trust was to be governed by Texas law.   CI.R. 4, 93.   However, when the parties mutually agreed to set aside the Trust, retroactively in fact, and submit the Trust assets to the Estate,  the Appellees and Cynthia tacitly agreed to proceed in Mississippi, the sole and exclusive jurisdiction over the Estate.  CI.R. page  111.  The Texas District Court lost subject matter jurisdiction over this case as well. CI.R. page 93, 111.

Further to the mutual invalidation of the Trust and the deferral all assets to the Estate, the Appellees lost standing in these Texas proceedings and are *not* the proper party plaintiffs.  CI.R. page

25

211.Appellees arguably used the Texas District Court to steal from the Estate.

Any and all meaningful pretrial proceedings occurred in Mississippi Court, to the exclusion of Texas. However, relying solely on the Mississippi Interlocutory Judgment, Cynthia's Offer of Judgment under the Mississippi Rules of Civil Procedure and other documents and information from the Mississippi proceedings, Appellees ask the Texas Court to grant a summary judgment on all of the claims they asserted against. The Appellees unabashedly misrepresented the plain language of those Mississippi documents, if not lied, to the Texas District Court. Because the Texas District Court did not read Appellees' Motion, Appellees succeeded in depriving Cynthia of all of her property rights in the Estate of Lydia Marrero Langston, without due process, to *"win*." Appellees lies are deplorable, a flagrant abuse of process and fraud on the Texas and Mississippi Courts.

Under established Texas law, Cynthia had no obligation to respond to Appellees' patently and admittedly deficient Motion. In fact, by Appellees' own admission, their Motion for Summary Judgment only met the standard required of a defendant, no-evidence motion. CI.R. pages 71-72, paragraphs 4.2, 4.4. Appellees must know that to recover on their

Counterclaims against Cynthia, they must provide conclusive evidence of each and every element of their claims. Appellees did not even attempt to conclusively prove each element of their causes of action.

Under even a cursory review of Appellees' "evidence," and their corresponding arguments reveals Appellees' barefaced lies. Appellees' "evidence" does not say or prove what Appellees argue it says and proves. Appellees failed to produce evidence of their claims and their damages.

The Texas District Court committed egregious error by granting Appellees' default Order of Final Summary Judgment.

**ARGUMENT**

I. Introduction.

After almost one year of hostile litigation in Mississippi, Appellees returned to the Texas District Court, asking the Texas District Court to adjudicate the application of Mississippi law and alleged "evidence" from that ***ongoing litigation*** in order to obtain a full and final summary judgment against Cynthia. By returning to the otherwise stationary Texas Litigation to obtain their Summary Judgment, Appellees successfully avoided any and all discovery obligations ongoing and pending in Mississippi. In fact, by utilizing the Texas District Court, Appellees succeeded in completely circumventing the Mississippi Court orders currently effecting them. Moreover, Appellees are ***not*** the proper claimants as a result of the consent interlocutory Mississippi Judgment. The Estate holds all rights to any alleged claims. CI.R. page 111, 65.

Appellees' obtained by default, a full and final disposition of each and every of its counterclaims filed against Cynthia. CI.R. page 201. Incidental to Appellees' Final Order of Summary Judgment, the Order disposed of each and every of Appellees' Mississippi causes of action, successfully avoiding having to comply with a single of Cynthia's ***pending discovery requests.*** CI.R. page 4, Appendix A.

The District Court erred by granting the Appellees facially deficient Motion for Summary Judgment, and the Order of Final Summary Judgment is an unconscionable abuse of discretion and a travesty of justice. Further, Appellees' Order of Final Summary Judgment deprives Cynthia of her property rights without her constitutional right to due process.

## II. <u>Subject Matter Jurisdiction</u>

The Texas District Court presided over this litigation based upon the Trust's choice of law provision. CI.R. page 93, . Under the Trust and Texas Trust Code, Harris County was the selected venue and the dispute was to be governed by Texas law. CI.R. page 5, 93; Texas Trust Code, Article I(A), Sections 15.001, 15.002(c). Thus, the Texas District Court had subject matter jurisdiction over matters relating to the Trust by virtue of the Trust itself.

Ultimately, the Appellees and Cynthia agreed to set aside the Trust and submit the assets for administration through the intestate Estate of Lydia Marrero Langston. CI.R. page 111. As Lydia Marrero Langston passed away in Mississippi, Mississippi is the exclusive jurisdiction over the Estate and its assets. The Texas District Court lost subject matter jurisdiction over this case. The Mississippi Court now has exclusive

jurisdiction.  CI.R. page 111.  The Texas District Court did not have jsubject matter jurisdiction to rule on Appellees' Motion.

The Texas District Court erred by granting the **default** Summary Judgment.

## III.  Appellees Lack Standing, Abscond from the Estate.

Appellees' Counterclaims were asserted based upon the existence of the Trust and as beneficiaries of the Trust.  CI.R. page 58, 93.  Accordingly, they could properly assert alleged claims in relation to the Trust.  However, by mutual consent, the Appellees negotiated the interlocutory Mississippi Judgment, terminating the Trust and submitting all assets for administration within the intestate Estate.  CI.R. page 111.  Accordingly, any and all alleged claims relating to any asset of the Estate belong to the Estate. CI.R. page 111.

Appellees voluntarily gave up their alleged claims in favor of the Estate.  CI.R. page 111.  Certainly Appellees know this, but nevertheless came to Texas to assert those same alleged on there own behalf against Cynthia.  CI.R. page 65.   Again, Appellees conduct is at best, suspicious.

The Texas District Court's default Summary Judgment is a travesty of justice.

## IV.  Procedural History of Competing Mississippi and Texas Litigation

### a.  Texas Litigation: November, 2013 – March, 2014.

On November 8, 2013, Cynthia filed a Petition in the Texas District Court.  CI.R. Page 4.  Cynthia is the plaintiff on these claims and the Appellees are the defendants.

The Appellees responded with their Counterclaims, asserting against Cynthia a variety of claims including among others, forgery, fraud and theft.  CI.R. pages 30, 58.  Appellees' Counterclaims seek to disgorge Cynthia of her entire right and interest in and to her share of the Trust and/or the Estate.  CI.R. page 58.  ***The Appellees are plaintiffs on these counterclaims and Cynthia is the defendant.***  CI.R. page 58.

Prior to filing their Mississippi Petition, all parties engaged in discovery in Texas.  All discovery was abandoned in the Texas Litigation once the Mississippi Litigation was filed.  CI.R. page 2.

The Texas Litigation progressed from November 8, 2013 through and until March, 2014, when the Appellees filed the Mississippi Litigation.  CI.R. page 2.

**b. Mississippi Litigation:   March, 2014 through Present.**

The Estate of Lydia Marrero Langston was opened in Jones County, Mississippi in 2012.   On March 21, 2014 while the Texas Litigation remained ongoing, the Appellees filed a Petition to Set Aside Instrument and Trust Admitted to Probate and for Other Relief within the Estate in Mississippi ("Mississippi Litigation"). CI.R. page 77   Appellees' Texas Counterclaims and Mississippi Claims against Cynthia are identical, seeking essentially the identical relief as sought within the Texas Litigation. CI.R. page 58, 77.   Obviously, the Appellees are the plaintiffs on their claims against Cynthia in the Mississippi Litigation, and Cynthia is the defendant.

From March 21, 2014 to the present, the Mississippi Litigation has been the sole venue for all very antagonistic pretrial discovery and pretrial motions from March 21, 2014 to present.  In Mississippi, Appellees and Cynthia have filed countless, very contentious pretrial motions and engaged in antagonistic discovery.   Pertinent to Appellees' alleged "evidence" in their Motion for Summary Judgment, the Mississippi Court has presided over or entered the following:

i.      April, 2014 Offer of Judgment from Cynthia to Appellees under Rule 68 of the Mississippi Rules of Civil Procedure. Appellees rejected the Offer of Judgment. CI.R. page 114

ii.      In July, 2014, consent Mississippi Judgment. CI.R. page 111.

iii.      August 12, 2014 Order, Appendix A.

Cynthia's April Offer of Judgment was pursuant to Rule 68 of the Mississippi Rules of Civil Procedure. CI.R. page 114, Appendix B. Contrary to Appellees statement to the Texas District Court, Cynthia made NO admission of liability or wrongdoing and in fact, specifically denied any admission of liability. CI.R. page 114.

In July, 2014, Appellees and Cynthia negotiated and agreed to set aside the Last Will and Testament and the Trust. Appellees and Cynthia negotiated and agreed to the exact language of the Mississippi consent judgment which they entitled, "Judgment to Set Aside Last Will and Testament and Instrument." CI.R. page 111. Appellees presented the Judgment to the Mississippi Court. The Mississippi Court signed and entered the Judgment exactly as presented on July 15, 2014. ("Mississippi Judgment") CI. R. page 111.

Appellees told the District Court that Cynthia *chose* not to engage in any discovery in the Texas Litigation, by choice or out of negligence. Appellees conspicuously omit any discussion of the very contentious discovery ongoing in Mississippi and particularly the August, 2014 Order from the Mississippi Court specifically addressing discovery. Appendix A. Presumably, that same discovery, if the Appellees had cooperated, would have been used in Texas as well. Appellees have objected to each and every interrogatory, request for admission and request for production of documents and has sought a protective order regarding each and every of Cynthia's attempts at deposing the Appellees.

Specifically omitted from Appellees' Motion is any mention of the Mississippi Court ordered the Estate Administrator to review the voluminous discovery responses to identify what each party properly owes the other, and further, *prohibited* all parties from scheduling *any depositions.* Appendix A. After 13 months, the Estate Administrator and friend of the Appellees' Mississippi counsel, has failed to comply with even his most basic of obligations so the Mississippi Litigation is at a standstill through no fault of Cynthia. Appendix A.

The Appellees escaped any and every discovery obligation regarding Cynthia's defenses, yet by fraud on the Mississippi and Texas courts,

succeeded in obtaining a final summary judgment on all of their claims against Cynthia, depriving her of her entire interest in the Estate.

The Texas District Court committed egregious error by granting the Appellees' *default* Order of Final Summary Judgment.

**c.    Texas Litigation:  December, 2014 to present.**

Despite 11 months of horrendous and contentious litigation in Mississippi, to the exclusion of Texas, in December, 2014, Appellees returned to the Texas District Court to file a Motion for Summary Judgment with Exhibits on their Counterclaims against Cynthia ("Motion for Summary Judgment").  Cl.R. Page 65, 116-180.

Instead of asking the Mississippi Court for their judgment based upon Mississippi pleadings, orders and documents, Appellees ask the Texas District Court to grant them all of the relief prayed for on those Mississippi "evidence."  Cl.R. page 65, 182, 197.

Appellees set their Motion for Summary Judgment for submission on January 9, 2015.  Cynthia's response was due, it seemed on December 29, 2014.  On December 29, 2014, Cynthia telephoned the District Court Clerk of Court and received a voicemail stating that the court was closed.  Cl. R. page 205.  Turns out the recording was for the previous day which was in

fact a holiday.  The court was not closed.   Accidentally and an honest, inadvertent and true mistake, and as a result of her misunderstanding regarding clerk of court holidays, Cynthia filed her response one (1) day late.  Notwithstanding the due date for Cynthia's response, under Texas law and because Appellees' Motion is so blatantly deficient, **Cynthia was not required to file a response.**

On January 2, 2015, Appellees filed a Proposed Order on Final Summary Judgment.  Cl. R. page 197.

On January 9, 2015, Judge Patricia Kerrigan signed the Appellees' proposed Order on Final Summary Judgment, as presented, except to insert that she only considered a **"…timely filed response…"** Cl. R. page 201.   Upon reading the Order of Final Summary Judgment, Cynthia, for the first time realized that she accidentally filed her response to the Appellees motion for summary judgment, ONE (1) day late.  Cl.R. page 201. Judge Kerrigan apparently did not read the Appellees' Motion because Cynthia inadvertently filed her response late – though even a cursory review of the Appellees' pleadings shows the complete absence of evidence. This appeal ensued.

Mississippi Litigation remains ongoing. The Texas District Court committed egregious error by granting Appellees' Order of Final Summary Judgment.

## V. Standard of Review and Burdens of Proof.

From amongst the litany of summary judgment rules, this brief emphasizes these:

### a. Appellees' Burden of Proof – Appellees Required to Conclusively Establish Each Element of Each Cause of Action.

Summary judgment is not intended to replace trial by jury with trial by affidavit, and here, Appellees ask the Texas Court for full and final relief on claims pending in both Texas and Mississippi based upon documents from the Mississippi Litigation and succeed in "trial" by ambush and fraud.

A plaintiff moving for summary judgment must prove his entitlement to summary judgment on each element of his cause of action. Fry v. Comm'n for Lawyer Discipline, 979 S.W.2d 331, 334 (Tex. App.—Houston [14th Dist.] 1998, pet. denied). Once a movant has established each and every element of a cause of action, and they are entitled to a summary judgment, the burden then shifts to the non-movant to present any issues which might preclude summary judgment. M.D. Anderson Hosp. and

Tumor Inst. v. Willrich, 28 S.W.3d 22, 25 (Tex. 2000), Robinson v. Devereux Foundation, No. 14-01-00081 (Tex. App. — Houston [14th Dist.] June 6, 2002).

However, unless the movant offers evidence sufficient to conclusively establish his claim, the non-movant has **no burden to file a response.** M.D. Anderson Hosp. & Tumor Inst. v. Willrich, 28 S.W.3d 22, 23 (Tex. 2000). [Emphasis added].   So, even where the nonmovant fails to respond, if the movant's summary judgment evidence is not legally sufficient, a summary judgment cannot be granted.  City of Houston v. Clear Creek Basin Authority, 589 S.W.2d 671, 678 (Tex. 1979).

Appellees' Motion is from the perspective of plaintiff, not a defendant and to argue otherwise is ludicrous.  CI.R. Pages 71-72, paragraphs 4.2, 4.4.  Appellees foolishly argue that as **defendants,** they can avail themselves of the diminished burden of proof afforded a defendant seeking summary judgment against the plaintiff, **dismissing the plaintiff's claims**. Appellees contention is preposterous, but they state,

> *…A defendant who moves for summary has the burden of showing as a matter of law that no material issue of fact exists as to the Plaintiff's cause of action. Id.; see also Southwestern Elec.  Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002). **This may be accomplished by showing that at least one element of the cause of action has been established conclusively against***

*the plaintiff.* *Woomer v. City of Galveston,* 765 S.W.2d 836, 837 (Tex. App. – Houston [1st Dist] 1988, writ denied.

CI.R. page 71. paragraph 4.2. [Emphasis added.]


Also, Appellees continue,

> Summary judgment must also be granted **against a plaintiff's claim** where the defendant shows that there is **no genuine issue of material fact about an element essential to plaintiff's recovery**. *Black v. Victoria Lloyds Ins. Co.,* 797 S.W.2d 20, 27 (Tex. 1991).

CI.R. page 72, paragraph 4.5. [Emphasis added.]

Appellees finally insist, "


> When a defendant seeks to obtain summary judgment based upon the plaintiff's inability to prove its case, **the defendant must conclusively prove at least one element of each of the plaintiff's causes of action**.

CI.R. page 72, paragraph 4.4. [Emphasis added.]

* * *

> In light of the above, there is no genuine issue of material fact as to the Plaintiff's liability under each of the subject documents. Moreover, there is not genuine issue of material fact as to the damages suffered by Defendants. ***Accordingly, pursuant to Tex.R.Civ.P. 166a(c), Defendants are entitled to judgment as a matter of law that Defendants have and recover from Plaintiff, Cynthia Langston Sternberg, all sums due them***


CI.R. page 72, Paragraph 5.1. [Emphasis added.]


What sums, and what evidence of those "sums." Appellees argue that

because they are defendants to Cynthia's primary claims against them,

they can obtain a judgment for fraud and other of their counterclaims against Cynthia by merely proving a single element of their cause of action. The absurdity is obvious to anyone, much less a judge if read. Appellees' Motion and alleged burden of proof is laughable.

The District Court's Order of Final Summary Judgment is egregious error and a travesty of justice.

### b. District Court's Standard of Review

#### 1. Cynthia Not Obligated to Respond to Patently Deficient Motion

Unless the movant offers evidence sufficient to conclusively establish his claim, the non-movant has no burden to file a response. M.D. Anderson Hosp. & Tumor Inst. v. Willrich, 28 S.W.3d 22, 23 (Tex. 2000). So, even where the nonmovant fails to respond, if the movant's summary judgment evidence is not legally sufficient, a summary judgment cannot be granted. City of Houston v. Clear Creek Basin Authority, 589 S.W.2d 671, 678 (Tex. 1979).

Appellants' recitation of their burden of proof is simply wrong. Based upon Appellees' reliance on the absurd premise that they are only required to establish one element of their causes of action against Cynthia because they are defendants on their Counterclaims proves they lack conclusive

conclusive evidence of each element of their counterclaims against Cynthia. In fact, even the "facts" they rely upon are unsubstantiated and refute their claims, if read within their context. CI.R. page 186, 193. Mischaracterizations of the truth – if not lies – pervade Appellees' Motion. No reasonable person could conclude that Cynthia was required to respond to such fallacious tales and factually and legally deficient Motion for Summary Judgment. Appellees' Motion for Summary Judgment is a fraud on the court and a complete abuse of process. Cynthia could not reasonably have been required to respond to such a facially deficient and twisted Motion. Because Cynthia was not required to respond to Appellees' Motion for Summary Judgment which by their own admission only tries (but fails) to establish a "no-evidence" summary judgment. The Summary Judgment is an unconscionable punishment for an accidental error in calculated a deadline.

The District Court committed egregious error by summarily signing Appellees' Order of Final Summary Judgment.

## 2. District Court's Standard of Review, Irrespective of Response

Irrespective of whether Cynthia was required to respond to Appellees' motion or required to file a timely response, the District Court must consider

the ***defendant's*** evidence as true and in the light most favorable to the non-movant, drawing every reasonable inference indulged in favor of the Cynthia in deciding whether there is a genuine issue of material fact,. KPMG Peat Marwick v. Harrison County House. Fin. Corp., 988 S.W.2d 746, 748 (Tex.1999), TH Investments, Inc. v. Kirby Inland Marine, L.P., 218 S.W.3d 173, 209 (Tex. App. – Houston [14th Dist.] 2007, pet. denied).

For summary judgment purposes, a matter is conclusively established only if ordinary minds cannot differ regarding the conclusion to be drawn from the evidence. Bradt v. West, 892 S.W.2d 56, 65 (Tex. App.-Houston [1st Dist.] 1994, writ denied).

If the District Court had even skimmed Appellees' Motion and their corresponding "evidence," the District Court would have necessarily known that Cynthia was not required to respond to Appellees' Motion because of the deficiencies in Appellees' Motion. The District Court would have summarily dismissed their Motion for Summary Judgment. Appellees' motion and alleged evidence is patently deficient. In fact, Appellees' evidence is admittedly deficient as set out in their shameful argument that as defendants to Cynthia's claims, they only need prove an absence of evidence.

Considering the Appellees' alleged facts in the light most favorable to Cynthia and under any plain reading of the Judgment, Offer of Judgment, and other "evidence" every fact relied upon by the Appellees is vehemently disputed. All minds would *agree* that Appellees' allegations are whgolly inadequate to support this Order of Final Summary Judgment. Worse, all minds would look at Appellees' "evidence" and when compared to Appellees' arguments, see their insulting lies, abuse of process and fraud on the court.

Appellees' alleged "facts" are blatant lies. The Appellees failed to conclusively establish any element of their claims of forgery, fraud and damages, among others. Under any review of the pleadings, the law did not require Cynthia to respond to their motion. That Appellees could brazenly lie to this District Court *and walk away with a Final Order of Summary Judgment* is grotesque, an abuse of process and fraud on the District Court.

The District Court abused its discretion in granting the Appellees' Order of Final Summary Judgment against Cynthia.

**VI.** **The Legal Insufficiency**
**Of Appellees' Motion for Summary Judgment**.

Appellees, deliberately and with malice and forethought, availed

themselves of the Mississippi Court Litigation while convenient and when

Mississippi Court became inconvenient, they returned to the Texas District

Court for the relief they had not and could not obtain in Mississippi.  Any

and all reasonable minds would necessarily agree that the Appellees used

the Texas District Court to make an end-run around the Mississippi Court.

There cannot be any other explanation for Appellees' conduct and

arguments.  Shamelessly and in bad faith, Appellees manipulated these

competing jurisdictions to achieve a ***judgment by ambush,*** which must be

seen as an abuse of process and fraud on the Texas District Court.

The District Court erred by granting the Order of Final Summary of

Judgment.

**a. Genuine Issue of Fact:**
**Fact versus Fiction – Disputed or Undisputed.**

Appellees' undisputed "facts" are blatant "fiction."  Had the District Court

read a single line of Appellees' Motion or a single piece of Appellees'

alleged conclusive "evidence," the District Court would have recognized

Appellees' unabashed fraud.  Appellees submit the following documents as

"conclusive evidence" of one element of their claim that Cynthia committed forgery, fraud and theft, among other things. against Cynthia:  1) Cynthia's Offer of Judgment, CI.R., page 114;  2) Mutual consent Mississippi Judgment, CI.R. page 78; and 3) all exhibits to Appellees Motion for Summary Judgment.  CI.R. page 78-181

Appellees' lied about the plain language and intent of each of the above documents.  Because the documents speak for themselves and clearly and without question do not say what Appellees argue they say, Cynthia had not legal obligation to respond to the false accusations.  Appellees' Motion was ***undeniably deficient.***

The District Court erred in granting the Final Order of Summary Judgment and must be reversed to rectify a complete travesty of justice.

### 1. <u>Mississippi Offer of Judgment</u>.

On April 22, 2014, Cynthia utilized Rule 68 of the Mississippi Rules of Civil Procedure, submitting to Appellees an "Offer of Judgment."  CI.R. page 114.   Rule 68 provides in pertinent part,

> …a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property…specified in his offer…***An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs***… [

Appendix B, [Emphasis added.]

Rule 68 speaks for itself and requires no interpretation.  An Offer of Judgment allows a party to expedite or settle litigation in advance of trial, without being subject to any liability.   If the opposing party fails to accept the Offer of Judgment timely or rejects it, the Offer of Judgment is deemed **withdrawn.**  Finally, under any and every reading of Rule 68, evidence of the Offer of Judgment is **not admissible as evidence against the offeror.**

Knowing Texas is unfamiliar with Mississippi law and without even mentioning Rule 68 of the Mississippi Rules of Civil Procedure, Appellees tell Texas that Cynthia, "expressly admits…" wrongdoing in her Offer of Judgment. CI.R. Page 68, 114.  Specifically, Appellees have the audacity to 1) submit Cynthia's Offer of Judgment as **evidence against Cynthia;** and 2) blatantly lied to the Texas District Court that Cynthia **admitted liability in her Offer of Judgment.**   CI.R. page 68, 114.

As a defendant in the Mississippi litigation, Cynthia exercised her right under Rule 68, sending Appellees an Offer of Judgment.  Cynthia's Offer of Judgment specifically states:

> ….without liability…..****

CI.R. page 114.  [Emphasis added.]

Cynthia served Appellees with an Offer of Judgment on April 22, 2014.  Cl.R. 114.  Appellees rejected Cynthia's Offer of Judgment.  By simple application of Rule 68, Cynthia's Offer of Judgment withdrawn.  Appellees also pervert the plain language of Cynthia's Offer of Judgment, lying that Cynthia "…expressly **admits** the Trust Agreement and the Last Will and Testament are invalid."  Cl.R. page 68. Appellees assertion that Cynthia's Offer of Judgment is an admission of anything is a bold-faced lie!

Appellees deliberately and with malice and forethought, lie to the District Court about Cynthia's Offer of Judgment, conveniently fabricate o the District Court the context, implication and intent of Cynthia's Offer of Judgment.  Again, Appellees demonstrate their proclivity for exploitation of the Texas District Court's obliviousness to the ongoing Mississippi proceedings. Cynthia's Offer of Judgment in no way and no where even suggests any admission of wrongdoing or as to the validity of the Trust.

The District Court erred by entering a *default* Order of Final Summary Judgment and is a travesty of justice.

2. **Judgment Setting Aside Last Will and Testament and the Lydia Marrero Langston Trust.**

In July, 2014, Cynthia and Appellees mutually agreed to set aside the Trust.   Cl.R. page 111.  Cynthia and Appellees negotiated, prepared and

modified the Judgment for submission to the Mississippi Court. The

**Judgment was** mutually agreed. CI.R. page 111. Reginald Blackledge,

Mississippi counsel for Appellees, delivered the proposed Judgment

Setting Aside Last Will and Testament and The Lydia Marrero Langston

Trust.

The actual words in the consent Judgment negotiated between

Appellees and Cynthia exposes Appellees' fraud,

> …***Petitioners and Respondent have agreed that*** the Lydia Marrero Langston Trust …***be declared invalid***, and ***further agree that the instrument admitted to probate in this matter…should be set aside and this estate proceed as an intestate estate***.

CI.R. page 111. [Emphasis added.]

Appellees seemingly maintain that the Mississippi Court ***determined***

that the Last Will and Testament and Lydia Marrero Trust were "invalid,"

presumably after consideration of some "evidence." CI.R. page 70,

paragraph 3.12. Appellees pervert the language and meaning of the

Judgment, stating

> On or about July 16, 2014, the Mississippi Court entered ***its Judgment*** Setting Aside Last Will and Testament and the Lydia Marrero Langston Trust**, *declaring***, *inter alia,* the Last Will and Testament and the Trust Agreement ***is "invalid."***

CI.R. page 79, paragraph 3.12. [Emphasis added]

Applying rudimentary definitions to Appellees' words exposes Appellees' lies, abuse of process and fraud on the Texas District Court:

1. "Its" means, "of, belonging to," and is a possessive modifier used to attribute the Judgment to the Mississippi Court, as if belonging to or originating from that Mississippi Court. Appellees argue that the Judgment belonged to the Mississippi Court.

2. "Declared" means, "to proclaim;" or to announce one's position." Appellees tell the Texas District Court that the Mississippi Court opined and declared that the Trust was invalid.

3. Appellees use the words, "entered its **Judgment**…" to mislead the Texas Court into believing that the Mississippi Court made a judicial determination that the Trust was invalid, presumably due to Cynthia's actions or omissions of wrongdoing.

*Free Dictionary.com.*

No reading of the Mississippi Judgment, in any context, can support Appellees suggestion that it is a judicial determination as to Cynthia's conduct or wrongdoing. Appellees' lies have no bounds and are unconscionable. The Judgment speaks for itself. The Judgment's plain language leaves no room for interpretation.

The Appellees conned the Texas District Court. The Texas District Court erred in granting the *default* Summary Judgment.

### 3. True Facts Defeat Appellees' Claims Against Cynthia

The true facts of this case actually refute all of Appellees' Counterclaims against Cynthia. Had Appellees in any meaningful way participated in good faith in discovery, Cynthia could refute the Appelleesl' lies with actual facts, but Appellees refuse for obvious reasons. Interestingly though, Appellees neglect to identify a single element of their causes of action, including fraud, forgery, and theft, each requires proof of actual and specific intent. Appellees did not even pretend to offer evidence of intent, much less conclusive evidence that Cynthia intended to "defraud" Appellees, to "commit forgery" and to "steal."

Notwithstanding Appellees complete absence of evidence to support their Summary Judgment, even if there was absolute and conclusive evidence of their "claims" against Cynthia, Appellees must know that they are *NOT* the proper party to assert such claims – the Estate "owns" the alleged claims and the Estate is the *ONLY* party entitled to assert any alleged claims against Cynthia. Knowing that the Mississippi Judgment they rely upon as "evidence" that Mississippi Court found that Cynthia committed wrongdoing, it is by virtue of this same Mississippi Judgment

that deprives them of any and all rights to their alleged claims, which claims are vehemently denied.

Notwithstanding that Appellees have no right to assert any alleged claims against Cynthia, not only did they fail to establish any damages, **_Appellees deliberately and with malice and forethought,_** omitted from their pleadings any mention of the extent to which they benefited from and participated in the assets within the "Trust" while it was still in operation. Again, Appellees lie by omission. Appellees' use their Summary Judgment to steal Cynthia's interest in the Estate without due process and in violation of all notions of fair play and substantial justice.

## CONCLUSION

At every turn, Appellees deceive the District Court by presenting evidence from the Mississippi Litigation, using the distance to mischaracterize and misrepresent the facts. The Appellees have and continue to exploit the Texas Court for its distance from the Mississippi Litigation.

For the foregoing reasons, Cynthia respectfully requests that this Court reverse the Order of Final Summary Judgment dated January 9, 2015 and remand for further proceedings in the trial court below, and all other just and equitable relief, including sanctions.

## PRAYER

Cynthia Sternberg implores this Honorable Court to reverse the Texas District Court's Order of Final Summary Judgment and remand the case to the District Court for further proceedings. Additionally, Cynthia pleas that the Appellees be sanctioned for their complete disregard for the truth, abuse of process and fraud on the Texas District Court, as well as the Mississippi Court.

**/s/Cynthia Sternberg/**
**2727 Revere St., #1069**
**Houston, Texas 77098**
**832-613-4955**
**Langston7@aol.com**
**PRO SE APPELLANT**

# **APPENDIX**

A. August 12, 2014 Order of Jones County, Mississippi Court.

B. Rule 68 of the Mississippi Rules of Civil Procedure

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that this document complies with the typeface requirements of Texas Rules of App. P. 9.4(e) because it has been prepared in a conventional typeface no smaller than 14-point for text.  This document complies with the word-count limitations of Tex. R. App. 9.4(i), if applicable.

I hereby certify that this brief was produced on a computer using **Word** software and contains **7,356 words**, as determined by the software's word-count function, excluding those sections of the brief listed in Texas Rule of Appellate Procedure 9.4(i)(1) as being excludable.

# APPENDIX A

MIN BK 108 PG 586 - 08/12/2014 03:58 PM
Concetta Brooks, Chancery Clerk, Jones County, Mississippi

IN THE CHANCERY COURT OF JONES COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

IN THE MATTER OF THE ESTATE OF
LYDIA MARRERO LANGSTON, DECEASED                CAUSE NO.: 2012-0228E

JAMES WRIGHT LANGSTON,
KATHERINE LANGSTON STOETZEL,
JAMES WRIGHT LANGSTON, JR., and
KENNETH LOUIS LANGSTON                           PETITIONERS

V.

CYNTHIA LANGSTON STERNBERG                       RESPONDENT

## ORDER

THIS CAUSE came on August 7, 2014, for hearing of multiple motions, and the court

finds it has jurisdiction over the parties and the subject matter, and further finds as follows:

1.      The court entered an order finding the will and trust in this matter invalid, and setting the

same aside. Therefore, this matter is now proceeding as an intestate estate.

2.      Cynthia Langston Sternberg ("Sternberg") filed a motion for summary judgment

pertaining to the allegations of fraud against her by the Petitioners ("the Langstons"). Genuine

issues of material fact exist in this regard, and therefore the motion shall be denied.

3.      The Langstons filed a motion for a protective order regarding depositions noticed by

Sternberg, and Sternberg and the Langstons filed motions to compel concerning alleged

inadequacies of each other's discovery responses. Sternberg shall refrain from unilaterally

noticing any depositions, and no depositions shall be noticed until the Administrator has

reviewed the written discovery to determine if any of the parties should comply with the

discovery requests subject to the motions to compel by both Sternbe

Should the Administrator determine that any party should respond to certa

Page 1 of 4

CC M/ Blackledge

the court will then entertain the motion(s) to compel, however all parties are strongly encouraged to comply with the Administrator's determination regarding discovery responses.

4. Sternberg filed a motion for a protection order concerning the production of her mental and emotional health records. All parties have admitted that said records are at issue. The court will review said records *in camera*, and then make a determination regarding the dissemination of the records. Sternberg shall produce to the court the referenced records for *in camera* review within thirty (30) days of August 7, 2014.

5. Sternberg filed a motion for the court to appoint an independent administrator, and as all family members are embroiled in this litigation, and allegations have been made of misuse of estate assets, an independent Administrator shall be appointed, and the court appoints Christopher Purdum, Esq., P.O. Box 745, Magee, MS 39111-0745, 601-849-4267, as Administrator, and upon his taking of the Oath, Letters of Administration shall be issued to him, and he shall be permitted to serve without bond. All parties shall fully cooperate with the Administrator in order for the Administrator to provide a complete and accurate accounting and inventory. The Administrator shall be paid from the assets of the estate in an amount determined by the court upon presentation of billing and the appropriate petition.

IT IS THEREFORE ORDERED AND ADJUDGED that Sternberg's motion for summary judgment pertaining to the allegations of fraud against her by the Langstons is denied.

IT IS FURTHER ORDERED AND ADJUDGED that Sternberg shall refrain from unilaterally noticing any depositions, and no depositions shall be noticed until the Administrator has reviewed the written discovery to determine if any of the parties should comply with the discovery requests subject to the motions to compel by both Sternberg and the Langstons.

Should the Administrator determine that any party should respond to certain discovery requests, the court will then entertain the motion(s) to compel, however all parties are strongly encouraged to comply with the Administrator's determination regarding discovery responses.

IT IS FURTHER ORDERED AND ADJUDGED that Sternberg shall produce her mental and emotional health records requested in discovery to the court for *in camera* review, and she shall produce said records within thirty (30) days of August 7, 2014. After inspection, the court shall make a determination regarding the dissemination of said records.

IT IS FURTHER ORDERED AND ADJUDGED that an independent Administrator shall be appointed in this matter, and the court appoints Christopher Purdum, Esq., P.O. Box 745, Magee, MS 39111-0745, 601-849-4267, as Administrator, and upon this taking of the Oath, Letters of Administration shall be issued to him, and he shall be permitted to serve without bond. Further, all parties shall fully cooperate with the Administrator in order for the Administrator to provide a complete and accurate accounting and inventory, and the Administrator shall be paid from the assets of the estate in an amount determined by the court upon presentation of billing and the appropriate petition.

SO ORDERED, this 12ᵗʰ day of August, 2014.

Franklin C. McKenzie, Chancellor

APP B

# APPENDIX B

# RULE 68. OFFER OF JUDGMENT

At any time more than fifteen days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued. If within ten days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the court shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the cost incurred after the making of the offer. The fact that an offer is made but not accepted does not preclude a subsequent offer. When the liability of one party to another has been determined by verdict, order or judgment, but the amount or extent of the liability remains to be determined by further proceedings, the party adjudged liable may make an offer of judgment, which shall have the same effect as an offer made before trial if it is served within a reasonable time, not less than ten days, prior to the commencement of hearing to determine the amount or extent of liability.

## Comment

Rule 68 is intended to encourage settlements, avoid protracted litigation, and protect the party who is willing to settle from the burden of costs that subsequently accrue.

Although the privilege of an offer of settlement is extended only to the party defending against a claim, it furnishes a just procedure to all parties concerned. It is fair to the claimant because it does the defending party no good to make an offer of judgment that is not what the claimant might reasonably be expected to recover; he will not free himself of the costs if the judgment recovered is more than the offer. Likewise, it is fair to the defending party because it allows him to free himself of the court costs by offering to make a settlement. Finally, it benefits the court because it encourages settlements and discourages vexatious suits. *See* 12 Wright & Miller, Federal Practice and Procedure, Civil §§ 3001-3005 (1973); 7 Moore's Federal Practice ¶¶ 68.01-.06 (1974).

MRCP 68 requires an offer of judgment to be made at least fifteen days before the trial is scheduled to begin; the offer must be accepted, if at all, at least five days before trial to prevent the accrual of costs. This provision will also tend to prevent parties from making needless

215